(No. 34584.—

ANTON KORZIUK *et al.*, Appellees, *vs.* VINCENT KORZIUK *et al.*, Appellants.

*Opinion filed March 20, 1958.*

STEPHEN LOVE, of Chicago, (D. REX McBRIDE, and W. J. LOVE, of counsel,) for appellants.

ROY JUUL, of Chicago, (EUGENE A. TAPPY, of counsel,) for appellees.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Defendants Vincent and Joseph V. Korziuk appeal directly to this court from a decree of the superior court of Cook County dissolving an alleged partnership between them and plaintiff Anton Korziuk, decreeing partition of partnership real estate and directing an accounting. Anton Korziuk, herein referred to as plaintiff, cross-appeals from that portion of the decree denying plaintiff interest on the rents collected by the partnership. A freehold being involved, this court properly has jurisdiction on direct appeal.

The defendants contend that the evidence does not justify the finding of a partnership or that the real estate in question is a partnership asset, that the plaintiff is

barred by *laches* and the Statute of Limitations, and also that plaintiff is not in equity with clean hands.

Two tracts of real estate are involved, one on Addison Street, and one on Karlov Avenue, in Chicago. The testimony and exhibits introduced in evidence provide ample basis for the master's and trial court's finding that an oral agreement of partnership was entered into by the defendants and plaintiff about May 20, 1941, pursuant to which each partner made his agreed capital contribution and the Addison Street property was deeded by the plaintiff and his wife to Joseph V. Korziuk as a partnership asset. On February 27, 1942, Joseph placed the legal title thereto in trust with Pioneer Trust & Savings Bank with himself as named beneficiary, but thereafter, on November 30, 1942, the trust agreement was amended so as to require the trustee to deal with the trust property on direction of the three parties. The Addison Street property has been actually operated jointly by the partners from acquisition until January, 1951, when the defendant partners paid a hospital bill on behalf of plaintiff, that being the last money received by plaintiff from partnership property.

On June 2, 1943, the Karlov Avenue property was acquired in the name of Joseph, and on December 6, 1950, it was transferred by him to Pioneer Trust & Savings Bank in trust under the same terms as the Addison Street property.

In February, 1943, a property on Henderson Street was acquired and placed in trust on July 28, 1949, in the same manner. On August 30, 1949, the attorney for the partnership prepared a memorandum of information given him by the partners setting forth the following information:

| "Anton Korziuk | 8000 |
|---|---|
| Vincent Korziuk | 1500 |
| Jos. V. Korziuk | 500 |
| | $10,000 |

Above capital contributions in the following buildings.

> $10,000    4100 W. Henderson—4 flt.
> $25,500    3108 N. Karlov Ave.—13 flat
> $23,000    4042 W. Addison—13 flats
> Capital contributions to be refunded and
> profits to be divided equally."

This memorandum was made in the presence of each of the alleged partners and signed by each of them.

Subsequently the Henderson Street property was sold, and the proceeds of sale were given to the partnership attorney to place in a special bank account. Thereafter, the proceeds of sale were distributed by the attorney's checks dated June 13, 1950, to each of the partners. Each partner received two checks, one bearing the notation "In full payment of capital contribution" and the other "In full payment of net profits." Vincent's capital contribution check was for $1500 and his profits check was for $753.59. Joseph instructed the attorney to repay Anton $200 loaned Joseph for his capital contribution out of his capital check and received a $300 capital contributions check and a $753.59 profits check. Anton received a capital contributions check totalling $3200, being $200 loaned to Joseph and $3000 of his own capital contribution, and a profits check for $753.59. In addition, Anton received a $5000 mortgage.

At about the same time, a formal "Memorandum of Agreement" dated the blank day of June, 1950, was executed by Anton, Vincent and Joseph which, after reciting in the preamble, among other things, that the parties had theretofore entered into a joint venture of buying, selling and operating real estate, stated that the parties agreed first, that their accounts had been fully settled among themselves and each had received full payment of his capital contribution and all other claims; second, each acknowledged to the other full settlement and payment of all such claims and contributions; third, that each of the parties have a one-third interest in and to the North Karlov Avenue and

West Addison Street properties; and fourth, that all of the income, rents, issues, profits and proceeds of sale of said real estate are to be equally divided among the three.

From the foregoing evidence it is manifest that the master and trial court were justified in finding that a partnership (or joint venture) existed and that the real estate in question was partnership property. Where real estate is bought with partnership funds for partnership purposes, and is applied to partnership uses or entered or carried on the account of the firm as a partnership asset, it is deemed to be firm property and, in such cases, it makes no difference in a court of equity, whether the title is in all the partners, in one of them, or in a stranger. If the real estate is purchased with partnership funds, the party holding the legal title will be regarded as holding it subject to a resulting trust in favor of the firm furnishing the money. *Einsweiler* v. *Einsweiler,* 390 Ill. 286; *Miller* v. *Ousley,* 334 Ill. 183; *Robinson Bank* v. *Miller,* 153 Ill. 244.

The defendants further argue that plaintiff is guilty of *laches* and violated the Statute of Limitations because the Addison Street property was acquired in 1941 and the Karlov property was acquired in 1943. The sale of the Henderson Street property and distribution of proceeds establishes that the partnership was functioning until June, 1950. The original complaint was filed November 9, 1951, and tolled the Statute of Limitations. This was only 17 months after the distribution of June 13, 1950. The defendants admit that there was no demand for reconveyance of either of the properties prior thereto. There is no fixed rule as to what constitutes *laches,* determination as to its existence being governed by the facts and circumstances of each case. The general rule, subject to few exceptions, is that an action for a partnership accounting cannot be brought until the partnership has been dissolved. So long as a partnership continues, failure to demand a partnership accounting does not amount to *laches. (Einsweiler* v. *Eins-*

*weiler,* 390 Ill. 286.) From the facts and circumstances existing in this case, we are of the opinion that there is no *laches* or violation of the Statute of Limitations.

Defendants further argue that plaintiff is estopped from seeking an interest in the Addison property until certain other property is reconveyed to Joseph, and also that certain statements by plaintiff and a claimed perjury by plaintiff as to signature on a receipt bar him from equitable relief because of unclean hands. As to the first of such contentions, suffice it to say that the account stated between the partners is binding on them as to prior transactions, in the absence of fraud or mistake, neither of which is shown here. (40 Am. Jur., Partnerships, sec. 352.) As to the unclean hands argument, the matters referred to were not matters in issue in this litigation or involving the opposing parties. The maxim of coming into court with clean hands does not go so far as to prohibit a court of equity from giving its aid to a bad or faithless man or a criminal. The misconduct must be in the transaction complained of. If one is not guilty of inequitable conduct toward the defendant in the transaction in litigation his hands are as clean as the court can require. *Carpenters' Union* v. *Citizens Committee,* 333 Ill. 225; *City of Chicago* v. *Union Stock Yards and Transit Co.* 164 Ill. 224.

As to plaintiff's cross appeal in reference to his claim for interest, we are of the opinion the trial court properly sustained the defendants' exception to the master's finding allowing interest. There clearly had been no liquidation of accounts and ascertainment of any balance due plaintiff at the time of the decree. Neither had plaintiff made any demand for payment prior to the filing of suit, and therefore there has been no unreasonable or vexatious delay of payment. As stated in 68 C.J.S., Partnerships, sec. 397: "Ordinarily interest is not allowed on an unascertained balance after dissolution of the firm in the absence of an agreement to the contrary, but where the circumstances are such as

equitably to demand payment of interest it will be allowed from the time when the partnership should have been settled, as where one partner retained the money an unreasonable length of time or where he is wrongfully withholding it."

We fail to discern any equitable considerations which would warrant allowance of interest.

The decree is affirmed.

*Decree affirmed.*