Argued and submitted June 19, reversed and
remanded with instructions August 24, 1981

## In the Matter of the Marriage of

### EDMONDS,
*Respondent,*

*and*

### EDMONDS,
*Appellant.*

### (No. 78-4220, CA A20376)

633 P2d 4

Robert A. Davis, Certified Law Student, Prisoners' Legal Services of Oregon, Salem, argued the cause for appellant. With him on the brief was Robert A. Stalker, Jr., Salem.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

**THORNTON, J.**

Father appeals from an order denying his motion to modify the child support provision ($75 per month) of the decree of dissolution by suspending the same until 60 days following his release from imprisonment. We reverse.

The essential facts are as follows:

The marriage of the parties was dissolved in a default hearing in the Circuit Court of Lane County on October 30, 1978, the decree becoming final on December 30, 1978. There was one minor child born of the marriage.

At the time the decree was entered, apparently father was incarcerated. He was released on parole on about February 15, 1979. The decree of dissolution required that his first child support payment of $75 was to be paid on June 1, 1979, three and one-half months after his release from prison. During the summer of 1979, father made one child support payment. He was arrested again in August of 1979 for an offense committed July 17, 1979, and sentenced to the custody of the Corrections Division in November, 1979. Father was given a 10 year sentence for his convictions of Theft I and Burglary I, which were merged for purposes of sentencing. His scheduled parole release date is January, 1982.

During his present incarceration, father has been held at both the Oregon State Penitentiary and the Farm Annex, where he currently resides. He has no income. Since his recommittal to custody of the Corrections Division, father has not had sufficient income to pay his $75 per month child support obligation. The support has accrued monthly. Except for about $84 withheld from his 1979 Oregon tax return (under ORS 293.250), father has paid no child support since his arrest and subsequent conviction.

In August, 1980, father filed the instant proceeding requesting a modification of the decree of dissolution by suspending his child support obligations until 60 days after his release from custody. At the hearing on February 3, 1981, mother did not appear. Mother and her daughter receive public assistance from Oregon's Adult and Family Services Division. Representing the state was an Assistant Attorney General from the Support Enforcement Division.

Father was not transported to this hearing, in an effort to save the state the costs of transportation. Instead, the court relied on the trial court file and stipulated representations of counsel to determine whether or not circumstances justified a modification of the child support obligations set forth in the decree of dissolution. On February 6, 1981, the circuit court denied without comment father's motion to modify the support obligation.

Father argues that an incarcerated, noncustodial parent with no income should not be required to pay child support until he is capable of gainful employment. The Attorney General, appearing for the state, argues that the father's criminal conduct is the source of his equitable claim for modification and that he should be barred, therefore, from the assistance of a court of equity under the doctrine of "clean hands."

After reviewing this record and the authorities cited, we conclude that it was error not to modify the decree as prayed for. Accordingly we direct that the order be vacated and set aside and an order not inconsistent with this opinion be entered.

■■ Where a noncustodial parent is imprisoned for a crime other than nonsupport (or for civil contempt for failure to pay the same) we believe that the better rule should be that the parent is not liable for such payments while incarcerated unless it is affirmatively shown that he or she has income or assets to make such payments. *See Tice v. Tice,* 207 Or 247, 295 P2d 866 (1956), where the court observed "* * * no court is justified in ordering a man to do the impossible." *See generally* 24 Am Jur2d, Divorce and Separation § 964 (1966). Imprisonment and resulting indigency constitute a significant change of circumstances such as to permit a court to modify a support obligation. *But see, Nelson v. Nelson,* 225 Or 257, 357 P2d 536 (1960).

■■ We reject the state's argument that the "clean hands" doctrine has application under these facts. Granted that father's own misconduct has resulted in his imprisonment, this is not a proper case for the application of that equitable doctrine in the absence of some showing that he became imprisoned in order to avoid his support obligation. *Nelson v. Nelson, supra.* In *Thompson and Thompson,* 25

Or App 421, 549 P2d 683 (1976), we held that a parent who is in arrears but otherwise entitled to a modification of monthly support payments, should not be denied relief under the clean hands doctrine if the court is satisfied that there is a valid excuse for not meeting the required payments.

Reversed and remanded with instructions. No costs to either party.