HARLINGTON WOOD, Jr., Circuit Judge.
 

 The principal issue is whether a motel in Danville, Illinois, is the property of a partnership which is currently the debtor in a bankruptcy case in Indiana, or is the individual property of the general partners of the debtor and thus outside the jurisdiction of the bankruptcy court. The underlying issue, however, is whether this Court has jurisdiction over the appeal because the appellant did not file a notice of appeal in the bankruptcy court within ten days of the entry of that court’s proposed findings of fact and conclusions of law. We hold that, in a “related proceeding” such as this, where the district court must conduct a
 
 de novo
 
 review of the bankruptcy court’s proposed order of judgment, a notice of appeal need not be filed in the bankruptcy court, and we therefore have jurisdiction over this
 
 *1025
 
 appeal. We also hold that the motel property is an asset of the debtor partnership, and thus we affirm the order of the district court.
 

 I.
 

 The debtor in the case is a California partnership which at one time owned the “Olde Danville Inn” (Olde Danville Inn, motel, or motel property) in Danville, Illinois; the debtor’s petition was filed in the Bankruptcy Court of the Southern District of Indiana. On September 30, 1982, the Danville Motel Corporation filed a complaint asking the bankruptcy court to modify the automatic stay and to grant its petition for a use and occupancy order with respect to the Olde Danville Inn. The appellant
 
 [1]
 
 in this appeal and the trustee subsequently moved to intervene; both motions were granted. The trustee then filed a third-party complaint against the appellant on November 18, 1982; it is this third-party complaint which is the subject matter of this appeal.
 

 The third-party complaint alleges that Ti-bor Kahan and Bella Lakatos, general partners in the debtor, entered into an agreement on behalf of the debtor with the appellant for the sale of the Olde Danville Inn; the agreement was in essence an installment contract for the sale of real estate (land contract). The complaint also alleges that the appellant Weng subsequently assigned the land contract to the appellant Universal (Illinois). The complaint further alleges that while Kahan, Lakatos, and the debtor performed their obligations under the land contract the appellant failed to perform his obligations; the third-party complaint specifically alleges that the appellant failed to make monthly payments required by the land contract, failed to make interest payments on a note given by the appellant pursuant to the contract, and failed to pay for inventory transferred with the motel property. Finally, the complaint alleges that the motel, the land contract, and the payments due under the land contract are all assets of the debt- or’s estate. The third-party complaint requests,
 
 inter alia,
 
 a judgment for approximately one and one-half million dollars, a decree foreclosing the appellant’s rights to the motel, including possession, and an accounting of rents and profits from the real estate.
 

 The appellant moved to dismiss the third-party complaint on the ground that it failed to state a claim upon which relief could be granted because the land contract attached to the complaint showed that the motel was not property of the debtor’s estate; the appellant’s argument was based on the fact that the land contract was signed by Kahan and Lakatos individually, with no indication that they were signing on behalf of the debtor. From this fact the appellant argues that the motel and land contract were the property of Kahan and Lakatos individually, and not property of the debtor.
 

 A hearing on the appellant’s motion to dismiss and trial on the merits of the third-party complaint were consolidated in a single proceeding before the bankruptcy court on December 27,1982, and January 4,1983. Tibor Kahan testified on direct examination that the Olde Danville Inn had originally been purchased with funds from the partnership and that the motel had been purchased for the benefit of the partnership. Kahan also testified that payments from the appellant had been deposited in the partnership’s account. Kahan further tes
 
 *1026
 
 tified that he and Lakatos had taken title in the motel as joint tenants with right of survivorship on the advice of their attorney, and that neither he nor Lakatos had any interest in the motel other than their interests as general partners in the debtor.
 

 During Kahan’s testimony the attorney for the trustee introduced a document marked as Trustee’s Exhibit 5. The document purported to list the items of inventory at the time the appellant took possession of the motel and the value of that inventory. Kahan testified that the document was prepared by his attorney from an inventory performed by Kahan and the appellant; he also testified that the dollar amounts listed on the document were provided by the appellant. The appellant objected to admission of the document on the grounds that the document was hearsay, unsigned, and irrelevant. Upon the court’s request the appellant stated that he was unable to produce his original of the inventory report. The court then asked the appellant’s attorney whether he objected to the document solely because it was unsigned. The attorney replied that that was the sole ground for his objection; the court overruled the objection and admitted the document.
 

 At the continuation of the hearing on January 4, 1983, the appellant notified the court that Universal (California) had the day before filed a petition for reorganization under Chapter 11 in California. The court determined that appellant Weng had not personally filed a petition and therefore refused to stay the proceedings. Appellant Weng testified that the stock of Universal (Illinois) had been transferred to Universal (California) sometime between October and December 1982. Apparently, Universal (California) did not pay for the stock.
 

 On January 20, 1983, the bankruptcy court issued a document entitled “Recommended Findings of Fact, Conclusions of Law and Entry on Third Party Complaint.” The proposed findings included findings that Kahan and Lakatos were the only general partners in the debtor, that they purchased the motel on behalf of the debt- or, and that the motel, the note, and the land contract were assets of the debtor’s estate. The bankruptcy court also proposed finding that appellant Weng assigned the contract to appellant Universal (Illinois), that Universal (Illinois) was Weng’s alter ego, and that the appellant had defaulted on the note and land contract. The court further proposed a finding that the appellant owed the debtor $12,-734.93 for liquor and food inventories. The proposed conclusions of law included conclusions that the appellant’s interest in the motel had been forfeited and that the trustee was entitled to possession of the motel. The court also recommended awarding the trustee $1,468,426.45 on the land contract; this award would be satisfied once the trustee took possession of the motel. The court also recommended awarding the trustee $106,816.33 on the note and inventory.
 

 These proposed findings of fact and conclusions of law were, apparently on the bankruptcy court’s own motion, transmitted to the district court, which approved the findings and conclusions on February 3, 1983. The appellant filed a notice of appeal to this Court on March 4, 1983.
 

 II.
 

 The appellees have moved to dismiss the appeal for lack of appellate jurisdiction on the ground that the appellant violated Bankruptcy Rule 802 by failing to file a notice of appeal in the bankruptcy court within ten days after that court’s decision.
 

 It is clear that no notice of appeal was filed with the bankruptcy court. It is also clear, however, that it would be pointless under the circumstances to file such a notice. In the wake of
 
 Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,
 
 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), this Court, acting pursuant to 28 U.S.C. § 332(d)(1), directed the district courts of this circuit to adopt interim rules concerning administration of the bankruptcy laws. See 1 Collier on Bankruptcy, insert preceding ch. 3 (15th Ed. 1983) (draft rule). The United States District Court for the Southern District of Indiana adopted a rule which allowed bankruptcy judges to
 
 *1027
 
 hear cases arising under Title 11, U.S.C., by reference from the district courts. An exception, however, was made for “related proceedings,” which were defined as:
 

 ... those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court. Related proceedings include, but are not limited to, claims brought by the estate against parties who have not filed claims against the estate. Related proceedings do not include: contested and uncontested matters concerning the administration of the estate; allowance of and objection to claims against the estate; counterclaims by the estate in whatever amount against persons filing claims against the estate; orders in respect to obtaining credit; orders to turn over property of the estate; proceedings to set aside preferences and fraudulent conveyances; proceedings in respect to lifting of the automatic stay; proceedings to determine dischargeability of particular debts; proceedings to object to the discharge; proceedings in respect to the confirmation of plans; orders approving the sale of property where not arising from proceedings resulting from claims brought by the estate against parties who have not filed claims against the estate; and similar matters. A proceeding is not a related proceeding merely because the outcome will be affected by state law.
 

 Emergency Rule (d)(3)(A). In re: Administration of the Laws Concerning Bankruptcy (S.D.Ind.,
 
 modified,
 
 January 7, 1983). The Rule also provides that a bankruptcy judge may not, without the parties’ consent, enter a judgment or dispositive order in a related proceeding, but may only submit findings, conclusions, and a proposed judgment or order to the district court. Emergency Rule (d)(3)(B). That is what the bankruptcy court did in this case.
 

 The difficulty in this case involves an interpretation of Emergency Rule (e)(1), which provides in part:
 

 (1) A notice of appeal from a final order or judgment or proposed order or judgment of a bankruptcy judge or an application for leave to appeal an interlocutory order of a bankruptcy judge, shall be filed within 10 days of the date of entry of the judgment or order or of the lodgment of the proposed judgment or order....
 
 [2]
 

 The Emergency Rule goes on to provide that a district court must review a proposed order or judgment of a bankruptcy court in a related proceeding whether or not any notice of appeal has been filed. The appellee argues that the Emergency Rules mean that an appeal is untimely if an appellant fails to file a notice within ten days after a bankruptcy court’s proposed findings of fact and conclusions of law in a related proceeding, even though the district court is required to review the bankruptcy court’s proposed order.
 

 Failure to comply with the requirements for filing a notice of appeal of course removes jurisdiction from the appellate tribunal.
 
 See
 
 16 Wright, Miller, Cooper & Gressman, Federal Practice and Procedure: Jurisdiction § 3950 (1977) (F.R.A.P. 4). Were we to accept the appellee’s interpre
 
 *1028
 
 tation of the Emergency Rule, however, the anomalous result would be that district courts would be required to review the proposed findings and conclusions of bankruptcy courts in related proceedings although the district court lacked subject matter jurisdiction over the appeal. We cannot accept such an interpretation.
 

 Following
 
 Marathon Pipe Line,
 
 numerous courts have made clear that the bankruptcy court’s jurisdiction is derivative of that of the district court.
 
 See, e.g., White Motor Corp. v. Citibank, N.A.,
 
 704 F.2d 254, 263 (6th Cir.1983);
 
 In re Lear Colorprint Corp.,
 
 29 B.R. 438, 440 (D.C.N.D.Ill.1983). This derivative jurisdiction, however, is extremely limited in the case of related proceedings. The Sixth Circuit has interpreted
 
 Marathon Pipe Line
 
 to hold that peripheral, non-traditional bankruptcy issues cannot be adjudicated by a non-Article III judge.
 
 White Motor Corp.,
 
 704 F.2d at 263. Bankruptcy judges cannot enter final orders in these related proceedings, but are limited to submitting findings of fact and proposed rulings which must be reviewed
 
 de novo
 
 by the district court whether or not an appeal has been taken by the parties.
 
 Id.; In re Kaiser,
 
 722 F.2d 1574, 1580 (2d Cir.1983);
 
 Moody v. Martin,
 
 27 B.R. 991, 999-1000 (D.C.W.D.Wis.1983) (in related proceeding, bankruptcy judge is relegated to role of a referee).
 

 Given that bankruptcy courts cannot enter final orders in related proceedings, given that district courts must review the proposed findings, conclusions, and judgment of the bankruptcy court, and given the derivative nature of the bankruptcy court’s jurisdiction, we conclude that it would be overly formalistic to require filing of a notice of appeal from the proposed order of a bankruptcy court in a related proceeding and we therefore hold that this appeal need not be dismissed for failure to timely file a notice of appeal in the bankruptcy court.
 
 [3]
 

 Interpreting Emergency Rule (e)(1) not to require filing a notice of appeal in the bankruptcy court in related proceedings would appear to put the Emergency Rule in direct conflict with Bankruptcy Rule 802,
 
 [4]
 
 which requires a notice of appeal within ten days of the order of the bankruptcy court in all circumstances. The ap-pellee argues that if such inconsistency between the Emergency Rules and the Bankruptcy Rules exists, then the Emergency Rule must fail. The Third Circuit has held that any local rule governing procedure must yield to the Bankruptcy Rules.
 
 In re Morrissey,
 
 717 F.2d 100, 105 (3d Cir.1983). The court, however, explicitly excepted local rules governing jurisdiction.
 
 Id.
 
 at 104-05.
 
 See 1616 Reminc Ltd. Partnership v. Atchison & Keller Co.,
 
 704 F.2d 1313, 1316-18 (4th Cir.1983) (former Bankruptcy Rule 810 invalid where it conferred bankruptcy referee with “too great a measure of the judicial power of the United States”). Rule 802 and the Emergency Rules both concern the jurisdiction of the bankruptcy courts and we hold that
 
 Marathon Pipe Line
 
 requires that the broad jurisdictional grant to the bankruptcy courts implicit in Rule 802 must give way to the more limited grant of jurisdiction contained in the Emergency Rules.
 

 
 *1029
 
 Finally, the appellee argues that Emergency Rule (e)(4)
 
 [5]
 
 puts the burden on the appellant to notify the court that the matter before it is a related proceeding, and since the appellant failed to raise the issue he is estopped from arguing that the matter is a related proceeding. Rule (e)(4), however, can only be interpreted to apply to situations in which either the bankruptcy court or the district court is unaware of the fact that the matter before it is a related proceeding. Here, the bankruptcy court specifically described this case as an adversary proceeding in its proposed findings and conclusions. The appellant therefore had no duty to raise an issue of which the court was already aware. We also conclude that the bankruptcy court’s characterization of this matter as a related proceeding was correct. A number of courts have provided a like number of definitions of “related proceedings.”
 
 Moody v. Amoco Oil Co.,
 
 734 F.2d 1200 at 1208 (7th Cir.1984) (whether or not an action is a related proceeding within the meaning of the interim rule depends on whether the right sued upon arises under the federal bankruptcy law);
 
 Matter of Colorado Energy Supplies, Inc.,
 
 728 F.2d 1283, 1286 (10th Cir.1984) (allowance of and objections to claims not related proceeding);
 
 In re Kaiser,
 
 722 F.2d 1574, 1582 (2d Cir.1983) (action to impose constructive trust not related proceeding);
 
 Matter of Brissette,
 
 561 F.2d 779, 782 (9th Cir.1977) (under former Bankruptcy Act, disputes between trustees and third parties over title to assets given as example of related proceeding). The Emergency Rule defines a related proceeding as one
 

 that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court.
 

 Emergency Rule (d)(3)(A). Numerous examples are then given, only one of which is potentially relevant here: related proceedings do not include orders to turn over property of the estate. While this case may arguably involve an order to “turn over property of the estate” we hold that an order declaring forfeiture under a land contract and awarding the trustee substantial damages against a third party is a “related proceeding.” Having determined that the appellant’s failure to file a notice of appeal in the bankruptcy court does not divest either the district court or this Court of jurisdiction, we turn to the merits of the case.
 
 [6]
 

 III.
 

 The principal issue raised by the appellant in this appeal is that the motel was not property of the debtor partnership, and that therefore the bankruptcy court lacked jurisdiction to adjudicate the parties’ claims to the property. The only evidence the appellant points to in support of his claim is the land contract attached to the trustee’s third-party complaint. The appellant claims that the land contract shows that the motel property was conveyed by Kahan and Lakatos as individuals, not as partners in the debtor, and that the motel property cannot therefore be partnership property.
 

 The appellant correctly asserts that a bankruptcy court only has jurisdiction over property owned by or in the actual or constructive possession of the debtor.
 
 In re Friendship Medical Center, Ltd.,
 
 
 *1030
 
 710 F.2d 1297, 1302 (7th Cir.1983). The appellant, however, misunderstands the nature of partnership property. When real estate is bought with partnership funds for partnership purposes, and is applied to partnership uses or entered or carried on the account of the firm as a partnership asset, it is firm property, and it makes no difference that the title is in all the partners, in one of them, or in a stranger.
 
 Korziuk v. Korziuk,
 
 13 Ill.2d 238, 148 N.E.2d 727, 729 (1958);
 
 Harmon v. Martin,
 
 395 Ill. 595, 71 N.E.2d 74, 82 (1947).
 
 [7]
 

 See also Matter of Porton,
 
 30 B.R. 374, 376 (Bkrtcy.N.D.Fla.1983) (real estate which is acquired in partnership business for partnership purposes will be considered partnership property even though it is titled in the name of one partner only) (Florida law). Here, the third-party complaint alleges that Kahan and Lakatos are the general partners in the debtor and that the motel property is a partnership asset. The fact that the land contract suggests that Kahan and Lakatos are conveying the motel properties as individuals does not contradict the allegation that the motel is partnership property.
 
 Korziuk,
 
 148 N.E.2d at 729. Kahan testified at the hearing that partnership funds were used to purchase the motel, that the motel was purchased for the benefit of the partnership, that neither partner had any interest in the motel other than their interests as general partners in the debtor, and that funds received from the sale of the motel were deposited in the partnership account. The appellant points to no evidence in the record to rebut this testimony, and we therefore conclude that the district court’s finding that the motel was property of the debtor is not clearly erroneous.
 
 Medtronic, Inc. v. Benda,
 
 689 F.2d 645, 647 (7th Cir.1982),
 
 cert. denied,
 
 459 U.S. 1106, 103 S.Ct. 731, 74 L.Ed.2d 955 (1983) (standard of review).
 

 Finally, the appellant argues that the bankruptcy court in Indiana violated the automatic stay imposed by 11 U.S.C. § 242(a) by continuing to hear proceedings in this case after Universal (California) filed a Chapter 11 petition in the bankruptcy court in California. The district court found that appellants Weng and Universal (Illinois) were not debtors in any proceeding in bankruptcy and therefore refused to stay these proceedings.
 

 Our research has disclosed no case in which a litigant has attempted to stay one bankruptcy proceeding by filing another; we need not, however, decide whether such a tactic would be effective because we agree with the district court that Universal (California), the debtor in the California bankruptcy, is not a party to this litigation. We recently held that in Chapter 11 proceedings the automatic stay operates in favor of the bankrupt debtor only.
 
 Pitts v. Unarco Industries, Inc.,
 
 698 F.2d 313, 314 (7th Cir.),
 
 cert. denied sub nom. Pitts v. GAF Corp.,
 
 — U.S.-, 104 S.Ct. 509, 78 L.Ed.2d 698 (1983). The appellant does not argue that the motel property was transferred to Universal (California) but rather that the stock of Universal (Illinois) was transferred to Universal (California), although the appellant did not know when the transfer took place or whether value was given in return for the stock. The district court’s finding that Universal (California) was not a party in this litigation and therefore Universal (California)’s filing for relief under Chapter 11 in California would
 
 *1031
 
 not stay proceedings in this case is not clearly erroneous.
 
 [8]
 

 IV.
 

 Because we hold that a notice of appeal need not be filed in the bankruptcy court within ten days of that court’s entry of proposed findings and conclusions in related proceedings that must in any event be reviewed by the district court, the appel-lee’s motion to dismiss this appeal is DENIED. Because we hold that the district court correctly found that the motel was property of the debtor’s estate, and because the bankruptcy court properly refused to stay its proceedings in this case, the order of the district court is Affirmed.
 

 [1]
 

 . There are actually two appellants in this case. One is Scott Weng, an individual. The other is Universal Hospitality Management, Inc., an Illinois corporation. Featured prominently in this case, though not a party, is Universal Hospitality Management Corp., a California corporation. Universal Hospitality Management, Inc., will be referred to as Universal (Illinois); Universal Hospitality Management Corp. will be referred to as Universal (California). Scott Weng is president and sole stockholder of Universal (California). Prior to either October or December 1982, Weng was also sole stockholder in Universal (Illinois); at that time he transferred, apparently without consideration, all of the stock in Universal (Illinois) to Universal (California). The bankruptcy court found that Universal (Illinois) was Weng's alter ego. Because of this finding and because their interests are identical, Weng and Universal (Illinois) will be referred to collectively as "the appellant" in this opinion.
 

 [2]
 

 . Emergency Rule (e)(1) provides in full:
 

 (e) District Court Review
 

 (1) Notice of appeal from a final order or judgment or proposed order or judgment of a bankruptcy judge or an application for leave to appeal an interlocutory order of a bankruptcy judge, shall be filed within 10 days of the date of entry of the judgment or order or of the lodgment of the proposed judgment or order. As modified by sections (e) 2A and B of this rule, the procedures set forth in Part VIII of the Bankruptcy Rules apply to appeals of bankruptcy judges' judgments and orders and the procedures set forth in Bankruptcy Interim Rule 8004 apply to applications for leave to appeal interlocutory orders of bankruptcy judges. Modification by the district judge or the bankruptcy judge of time for appeal is governed by Rule 802 of the Bankruptcy Rules.
 

 To add to the confusion, we note that the rule in effect in the Southern District of Indiana at the time of this hearing made no provision for filing a notice of appeal in the bankruptcy court but rather noted that
 
 objections
 
 to that court’s proposed findings and conclusions must be filed within ten days of the entry of the proposed order. Emergency Rule (c)(4) (S.D.Ind. December 2, 1982,
 
 modified,
 
 January 7, 1983).
 

 [3]
 

 . We also reject the appellant’s argument that there is no jurisdiction in the bankruptcy courts.
 
 Marathon Pipe Line
 
 only barred the bankruptcy courts from entering final orders or judgments in those cases — related proceedings — which must be decided by an Art. Ill court.
 
 Matter of Colorado Energy Supply, Inc.,
 
 728 F.2d 1283, 1285 (10th Cir.1984). The bankruptcy court still retains jurisdiction over matters arising under Title 11 and, within the limits imposed by
 
 Marathon Pipe Line,
 
 may still exercise jurisdiction derivative of that of the district courts.
 
 See In re Lear Colorprint,
 
 29 B.R. 438, 440 (D.C.N.D.Ill.1983).
 

 [4]
 

 . Former Bankruptcy Rule 802(a) provided:
 

 (a) Ten-Day period. The notice of appeal shall be filed with the referee within 10 days of the date of the entry of the judgment or order appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 10 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires.
 

 [5]
 

 . Emergency Rule (e)(4) provides:
 

 (4) It shall be the burden of the parties to raise the issue of whether any proceeding is a related proceeding prior to the time of the entry of the order or judgment of the district judge after review.
 

 [6]
 

 . The appellee also argues that this appeal is now moot because the motel property is no longer in the trustee’s control. While this Court recently held that failure to stay a bankruptcy judge’s order authorizing and confirming a sale of property to a good faith purchaser renders an appeal of that sale moot,
 
 In re Vetter Corp.,
 
 724 F.2d 52, 55 (7th Cir.1983), that decision is not controlling in this appeal because the district court also awarded damages to the appellee on the note given by the appellant and for the value of the inventory transferred with the motel. While the district court's order provides that the damages awarded on the appellee’s breach of contract claim would be satisfied upon the appellant’s surrender of the motel, there is no similar provision with respect to the damages on the note and inventory. This appeal is therefore not moot.
 

 [7]
 

 . In bankruptcy proceedings federal courts will look to state law in determining whether property is an asset of the debtor.
 
 Matter of Gladstone Glen,
 
 628 F.2d 1015, 1018 (7th Cir.1980). Although there might appear to be some question as to whether we should apply Illinois or California law — the property is located in Illinois, the land contract was signed in Illinois, and Universal (Illinois) is an Illinois corporation, while the debtor, Kahan and Lakatos, appellant Weng, and Universal (California) are all California residents — there is no conflict because Illinois and California law on the issue are identical. IIl.Rev.Stat. ch. IO6V2 §§ 8-10 (Smith-Hurd 1951); Cal.Corp.Code §§ 15008-10 (West 1977);
 
 see Wroblewski v. Bracher,
 
 550 F.Supp. 742, 746 (W.D.Okla.1982) (California law);
 
 Korziuk v. Korziuk,
 
 13 III.2d 238, 148 N.E.2d 727, 729 (1958) (Illinois law).
 

 [8]
 

 . The appellant also attacks the introduction of an exhibit before the bankruptcy court which purports to show the value of inventory transferred with the motel and for which the appellant was held liable by the district court. The appellant claims that the exhibit is hearsay and that admission of the evidence violated the best evidence rule. While we note that the appellant’s objection to the document before the bankruptcy court was limited to the fact that the document was unsigned, we hold that any error committed in admitting the document was harmless because all the information contained in the exhibit is also contained in Trustee’s Exhibits 7 and 8, to which the appellant has never objected.