THE PEOPLE *ex rel.* MECHELLE MEYER, Petitioner-Appellant, v. LARRY NEIN, Respondent-Appellee (The Department of Public Aid, Intervening Petitioner-Appellant).

Fourth District   No. 4—90—0459

Opinion filed February 28, 1991.

KNECHT, J., specially concurring.

Donald M. Cadagin, State's Attorney, of Springfield (Kenneth R. Boyle, Robert J. Biderman, and Timothy J. Londrigan, all of State's Attorneys appellate Prosecutor's Office, of counsel), for appellant Illinois Department of Public Aid.

Thomas R. Appleton and Elizabeth W. Anderson, both of Morse, Giganti & Appleton, of Springfield, for appellee.

PRESIDING JUSTICE LUND delivered the opinion of the court:

The question in this case is whether a trial court can reduce child support payments because the obligor has been incarcerated and, as a result, has lost his income for conduct unrelated to the dissolution action. We find no authority in Illinois case law, but conclude the trial court has such authority.

Respondent Larry Nein was ordered to pay child support by an order entered subsequent to the dissolution judgment. He was subsequently sentenced to jail for several months, and he petitioned for modification of the payments. At the time of the petition, he was in arrears in support payments. The child support payments were suspended by the trial court for the period of incarceration. The Illinois Department of Public Aid (Department), intervenor, appeals.

■ A petition to modify child support (Ill. Rev. Stat. 1989, ch. 40, par. 510) must be decided on the facts of each case, and the decision rests within the sound discretion of the trial court. See *In re Marriage of Webber* (1989), 191 Ill. App. 3d 327, 330, 547 N.E.2d 749, 751.

■ The Department would have us say that one convicted of *any* offense lacks clean hands, and that person should never be able to seek a modification of child support payments due to the resulting incarceration by using the equitable powers of the court. Our supreme court has stated:

"The maxim of coming into court with clean hands does not go so far as to prohibit a court of equity from giving its aid to a bad or faithless man or a criminal. The misconduct must be in the transaction complained of. If one is not guilty of inequitable conduct toward the defendant in the transaction in litigation his hands are as clean as the court can require." *Korziuk v. Korziuk* (1958), 13 Ill. 2d 238, 243, 148 N.E.2d 727, 730.

■ We decline to adopt the position advanced by the State. What happens when one without assets, paying child support for a young child, is incarcerated for 10 or more years? The State relies on *Ohler v. Ohler* (1985), 220 Neb. 272, 369 N.W.2d 615. There, the court affirmed dismissal of a petition to modify for failure to state a cause of action, although the movant was sentenced to 15 years'

incarceration and had no other assets. Having considered all of the authorities from other States, we agree with the Pennsylvania court, which compared incarceration to an involuntary loss of employment (*Leasure v. Leasure* (1988), 378 Pa. Super. 613, 616, 549 A.2d 225, 227; accord *Peters v. Peters* (Ohio Ct. App. 1990), 69 Ohio App. 3d 275, 276, 590 N.E.2d 777,); we also agree, however, that incarceration, as a foreseeable result of criminal activity, does not *ipso facto* relieve one of the obligation to pay child support (*Division of Child Support Enforcement ex rel. Harper v. Barrows* (Del. 1990), 570 A.2d 1180, 1183 (and cases cited therein)). Decisions on modification, when questions of this type appear, are best left to the discretion of the trial court. This view is consistent with the decisions of the courts of other States, apart from the decision in *Ohler*; and the exercise of that discretion has generally been guided by principles summarized in *Barrows*:

> "We have found no jurisdiction which currently suspends or discharges child support obligations if an affirmative showing has been made that an incarcerated support obligor has available assets.[8]

---

[8]See *Clemans v. Collins*, 679 P.2d 1041, 1042 (Alaska 1984) (court remanded to decide if incarcerated, obligated parent has available assets to meet child support payments); *In re Marriage of Vetternack*, 334 N.W.2d 761, 763 (Iowa 1983) (equity in home reduced to pay support obligation); *Noddin v. Noddin*, 455 A.2d at 1053 (child support should not be reduced 'where his own conduct has resulted in his loss of high-earning employment and he has at least one valuable asset'); *Pierce v. Pierce*, 162 Mich. App. 367, 412 N.W.2d 291, 293 (1987) (assets may be applied to meet child support obligation during incarceration); *Foster v. Foster*, 99 A.D.2d 284, 471 N.Y.S.2d 867, 869 (1984) (incarcerated parent not liable for child support unless it is affirmatively shown that assets are available, but that it would be inequitable to force the wife/mother to sell the home to meet the father's obligation); *Edmonds and Edmonds*, 53 Or. App. 539, 633 P.2d 4, 5 (1981) (no liability without affirmative showing of assets); *Leasure v. Leasure*, 549 A.2d at 227 (no obligation for incarcerated parent to pay child support 'unless that parent possesses another asset from which funds could be generated.'). Two jurisdictions have continued a prior support obligation even when no assets are available. See *Ohler v. Ohler*, 369 N.W.2d at 618 (incarcerated parent comes to equitable divorce and support hearing with 'unclean hands'). *** All jurisdictions agree that if the obligor entered prison for non-payment of child support or to deliberately avoid the support obligation, no reduction or discharge will be permitted and the arrearages will simply increase regardless of whether assets are available. See, *e.g., Foster v. Foster*, 471 N.Y.S.2d at 869; *Edmonds and Edmonds*, 633 P.2d at 6; *Leasure v. Leasure*, 549 A.2d at 227." *Barrows*, 570 A.2d at 1183 & n.8.

■ In this case, we have only the common law record before us and no transcripts of or bystander's reports (107 Ill. 2d R. 323(c)) on hearings held. Deficiencies in the record must be resolved against the appellant. On the basis of this record, we conclude the trial court's decision was not against the manifest weight of the evidence.

Affirmed.

GREEN, J., concurs.

JUSTICE KNECHT, specially concurring:

I agree with the result reached by the majority. Such decisions rest within the sound discretion of the trial court, and must be decided on the facts of each case. The State contends one convicted of any offense resulting in incarceration should *never* be able to seek a modification. This position can, of course, be asserted without a transcript or bystander's report; however, we have no transcript or bystander's report to evaluate the use of discretion by the trial court. This deficiency in the record must be resolved against the appellant. Yet, I am concerned with whether this trial court used its discretion.

This respondent did not pay his child support payments when he was not incarcerated. Respondent was in arrears on his child support obligations prior to any incarceration. The majority opinion makes no reference to the criminal charge underlying respondent's incarceration. Respondent was incarcerated for a period of seven months upon a negotiated plea to a felony drug charge.

Respondent apparently had sufficient assets to purchase controlled substances, yet he did not have sufficient funds to pay child support. Respondent did not have clean hands and his misconduct did occur in the transaction complained of—he chose to use his assets for illegal purposes rather than paying child support. It is pitiful he should seek to be rewarded for his crime by having his child support obligation suspended for the period of his incarceration.

Perhaps the arrearage which would accumulate during incarceration if not suspended would place a heavy burden on respondent. So what? What about the burden on the taxpayer who supports respondent while he is incarcerated, and supports respondent's child as well? What about the burden on society of a respondent who acknowledges child support obligations only when haled into court by the Department of Public Aid, and then falls in arrears perhaps because his interest in controlled substances exceeds his interest in employment or meeting his obligations? Respondent's child support obligation is only

$100 per month. His seven months' incarceration would result in an additional arrearage, if not suspended, of $700. This is not an impossible burden, nor is it impractical to believe an employed respondent who shouldered his responsibilities could pay this debt and meet his other obligations.

Respondent's incarceration should not be an automatic pass. Trial courts need not automatically grant modifications such as the one here simply because of incarceration. An evidentiary hearing should be held which focuses on assets, work release, the length of incarceration, and whether a respondent used assets for illegal activity instead of paying child support.