**In re the MARRIAGE OF Karen HAMILTON, Appellee,**

**and**

**Steffan E. Carroll, Appellant.**

**No. 92CA0521.**

Colorado Court of Appeals,
Div. III.

March 11, 1993.

Rehearing Denied April 8, 1993.

cerated with a six-year sentence for oral copulation, "corporal injury [to] spouse," and false imprisonment. Father's pencil-written, unnotarized financial affidavit was offered but not admitted.

The trial court denied father's motion, finding that incarceration for the offenses stated on the California form did not constitute a change in circumstances that is substantial and continuing. The trial court also concluded that father was voluntarily underemployed because those crimes require *mens rea.*

Father contends that the trial court erred either as a matter of law or abused its discretion by finding that his incarceration was a *per se* justification for refusing to modify or abate the existing child support order during the period of his incarceration. While we agree with father that incarceration may be a substantial and continuing circumstance affecting the support obligation, we also conclude that in this case the trial court properly denied modification based on the limited evidence presented.

Law Offices of Richard K. Rufner, Richard K. Rufner, Englewood, for appellee.

David K. Bailey, Wheat Ridge, for appellant.

Opinion by Chief Judge STERNBERG.

Steffan E. Carroll (father) appeals the denial of his motion to abate or modify child support. We affirm.

Pursuant to a court-approved stipulation entered into in 1990, father was required to pay $700 per month child support to Karen Hamilton (mother). The parties agreed that each then had income of about $50,000 per year.

In 1991, father moved to abate or modify child support, citing his incarceration as a substantial and continuing changed circumstance. At the hearing, the only evidence admitted was a form entitled "California Abstract of Judgment—Prison Commitment," which showed that father was incar-

■ As relevant here, child support may be modified only upon a showing of changed circumstances that are substantial and continuing. Section 14–10–122(1)(a), C.R.S. (1992 Cum.Supp.). The trial court must consider the child support guidelines along with the other evidence presented in determining whether there are substantial and continuing changed circumstances. *In re Marriage of Miller,* 790 P.2d 890 (Colo. App.1990). The burden of proof is heavy on the party seeking modification. *McVay v. Johnson,* 727 P.2d 416 (Colo.App.1986).

In a case dealing with a step-parent adoption and termination of parental rights for failure to support, *In re Petition of R.H.N.,* 710 P.2d 482 (Colo.1985), our supreme court held that incarceration was a factual circumstance to be considered in determining what level of support is reasonable, but the fact of incarceration alone did not totally excuse a parent from providing some child support.

Here, the only support for father's motion was the abstract of judgment showing his incarceration. That evidence, standing alone, does not justify abatement or modification of father's obligation. *See In re Petition of R.H.N., supra.* Therefore, the trial court did not abuse its discretion in denying father's motion.

Some jurisdictions hold that incarceration and resulting lack of income are not to be considered grounds for modification of support. Some states reach that conclusion on public policy grounds. *See Davis v. Vance,* 574 N.E.2d 330 (Ind.Ct.App.1991). Others do so as an equitable matter, applying the clean hands doctrine. *See Ohler v. Ohler,* 220 Neb. 272, 369 N.W.2d 615 (1985); *Noddin v. Noddin,* 123 N.H. 73, 455 A.2d 1051 (1983); *Koch v. Williams,* 456 N.W.2d 299 (N.D.1990). *See also Division of Child Support Enforcement v. Barrows,* 570 A.2d 1180 (Del.1990); *In re Marriage of Vetternack,* 334 N.W.2d 761 (Iowa 1983); *Redmon v. Redmon,* 823 S.W.2d 463 (Ky. Ct.App.1992).

Mother invites us to such a *per se* rule here. We decline to do so. Instead, we follow *In re Petition of R.H.N., supra.* Hence, to the extent the trial court's ruling in this case may be construed to hold that incarceration is an *ipso facto* justification for denying a motion for modification, it is disapproved.

Several jurisdictions follow the principle we adopt here that the incarceration of a parent is one factor to be considered in assessing a motion for modification of child support. *See Clemans v. Collins,* 679 P.2d 1041 (Alaska 1984); *Nab v. Nab,* 114 Idaho 512, 757 P.2d 1231 (1988); *People ex rel. Meyer v. Nein,* 209 Ill.App.3d 1087, 154 Ill.Dec. 436, 568 N.E.2d 436 (1991); *Pierce v. Pierce,* 162 Mich.App. 367, 412 N.W.2d 291 (1987); *Johnson v. O'Neill,* 461 N.W.2d 507 (Minn.Ct.App.1990); *Foster v. Foster,* 99 A.D.2d 284, 471 N.Y.S.2d 867 (1984); *Cole v. Cole,* 70 Ohio App.3d 188, 590 N.E.2d 862 (1990); *In re Marriage of Willis,* 314 Or. 566, 840 P.2d 697 (1992); *Lea-sure v. Leasure,* 378 Pa.Super. 613, 549 A.2d 225 (1988). In those states, the effect of incarceration on the child support obligation is left to the trial court's discretion, considering, among other things, the intentional nature of the crime, financial circumstances, likelihood of future income, and any intention to evade the support obligation.

Father also contends that the trial court erred in finding that his criminal conviction constitutes voluntary underemployment. The scant evidence presented at trial could not sustain any determination of father's financial or employment circumstances, so the court erred in making that finding. However, that error is not grounds for reversal here, as the denial of modification is supported by the limited record and lack of evidence at trial.

The order is affirmed.

CRISWELL and HODGES *, JJ., concur.