*In re* MARRIAGE OF RODNEY J. BURBRIDGE, Plaintiff-Appellant, and TRACY BURBRIDGE, a/k/a Tracy Schlottman, Defendant-Appellee (The Department of Public Aid, Intervenor-Appellee).

Third District   No. 3—99—0938

Opinion filed October 23, 2000.

Rodney L. Burbridge, of Galesburg, for appellant.

James E. Ryan, Attorney General, of Chicago (Patrick W. Carlson, Assistant Attorney General, of counsel), for appellee Department of Public Aid.

JUSTICE HOMER delivered the opinion of the court:

The plaintiff, Rodney J. Burbridge, appeals from the judgment of the trial court denying his petition to suspend child support payments. On appeal, he argues that child support should be suspended because he is incarcerated and therefore unable to make the support payments. We affirm the portion of the order denying the plaintiff's request to void past-due child support payments. However, we reverse the trial court's refusal to suspend Rodney's payments as a matter of law and remand the cause for an evidentiary hearing on the issue of modification.

## BACKGROUND

The record reflects that Rodney and Tracy Burbridge were divorced on December 16, 1988. During their marriage, the couple had one son, Kyle, born on December 29, 1986. The divorce decree awarded the couple joint custody of Kyle and required Rodney to pay $50 per week in child support.

In February of 1989, the Illinois Department of Public Aid intervened, claiming Rodney was in arrears in his child support payments. The trial court found the defendant in arrears in the amount of $315 and entered an order of withholding. In 1992, Rodney's weekly child support payment was increased to $57.

On January 4, 1995, Rodney was sentenced to 19 years in the Department of Corrections after pleading guilty to the offense of home invasion. Four and a half years later, Rodney petitioned the court for a reduction in child support payments. In his petition he requested that the court stay further payments during the remainder of his incarceration. He also sought an order voiding the past-due child support payments that had accumulated during his imprisonment. The trial court dismissed the petition *sua sponte*. In the order, the court stated:

"Having examined the pleadings and now being fully advised [the court] finds that the change in circumstances being his incarceration for a criminal offense, that said circumstance is considered, under Illinois law, to be voluntary and not a justifiable basis to modify. Wherefore the Petition for Modification is hereby dismissed."

## DISCUSSION

On appeal, Rodney argues that the trial court erred in denying his petition to modify. Specifically, he contends that there is no *per se* rule in Illinois that incarceration is not a justifiable basis to modify child support payments. Instead, he argues that a hearing must be held to consider the financial resources of the noncustodial parent before the trial court exercises its discretion to suspend support payments.

■ Section 505(a)(1) of the Illinois Marriage and Dissolution of Marriage Act sets out guidelines for determining the minimum amount of child support to be paid by a supporting parent. 750 ILCS 5/505(a)(1) (West 1998). These guidelines create a rebuttable presumption that the specified percentage of the supporting parent's income represents an appropriate child support award. *In re Marriage of Freesen*, 275 Ill. App. 3d 97, 655 N.E.2d 1144 (1995). In determining whether to deviate from the guidelines, the trial court must consider the following factors: (1) the financial resources and needs of the child, custodial parent, and noncustodial parent; (2) the standard of living the child would have enjoyed had the marriage continued; (3) the physical and emotional condition of the child; and (4) the child's educational needs. 750 ILCS 5/505(a)(2) (West 1998).

■ Economic reversals as a result of changes in employment or bad investments, if made in good faith, may constitute a material change in circumstances sufficient to warrant a modification of a child support order. *In re Marriage of Eisenstein*, 172 Ill. App. 3d 264, 526 N.E.2d 496 (1988). In determining whether a change in circumstances of the noncustodial parent was made in good faith, the crucial consideration is whether the change was prompted by a desire to evade financial responsibility for supporting the children or otherwise jeopardize their interests. *In re Marriage of Schuster*, 224 Ill. App. 3d

958, 586 N.E.2d 1345 (1992). Incarceration of the noncustodial parent does not *ipso facto* relieve a parent of the obligation to support his child. *People ex rel. Meyer v. Nein*, 209 Ill. App. 3d 1087, 568 N.E.2d 436 (1991). Child support awards are within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. *In re Marriage of Clabault*, 249 Ill. App. 3d 641, 619 N.E.2d 163 (1993).

■ Initially, we note that, in his petition, Rodney asked the court to void his past-due child support payments that accumulated while he was in prison. In its order, the court declined to do so. It is well settled that children have a vested right to past-due child support. *People ex rel. Sheppard v. Money*, 124 Ill. 2d 265, 529 N.E.2d 542 (1988). It is also well established that an obligated parent may have support payments modified only as to installments accruing subsequent to due notice of the petition for modification. 750 ILCS 5/510(a) (West 1998); *In re Marriage of Frazier*, 205 Ill. App. 3d 621, 563 N.E.2d 1236 (1990). Since the trial court could not relieve Rodney of his past-due child support obligations, the court properly dismissed that portion of his petition that requested arrearage relief.

■ However, we reject the trial court's conclusion that as a matter of law incarceration is a form of voluntary unemployment and therefore does not justify a reduction in child support. In *People ex rel. Meyer v. Nein*, 209 Ill. App. 3d 1087, 568 N.E.2d 436 (1991), the court expressly declined to adopt such a *per se* rule of law, holding instead that the decision to modify child support in such instances is a matter best left to the discretion of the trial court. *Nein*, 209 Ill. App. 3d at 1089, 568 N.E.2d at 437. We believe that *Nein* was properly decided and see no reason to depart from its holding. In exercising its discretion whether to reduce or suspend child support payments due to the incarceration of the obligor, the trial court should consider all relevant factors, including the following: (1) the assets of the incarcerated parent (*Pierce v. Pierce*, 162 Mich. App. 367, 412 N.W.2d 291 (1987)); (2) the length of incarceration (*Leasure v. Leasure*, 378 Pa. Super. 613, 549 A.2d 225 (1988)); (3) the reason the obligated parent entered prison (*Foster v. Foster*, 99 A.D.2d 284, 471 N.Y.S.2d 867 (1984)); and (4) the potential for work release (see *Meyer*, 209 Ill. App. 3d at 1090, 568 N.E.2d at 437 (Knecht, J., concurring)).

Here, the court dismissed the petition as a matter of law without taking any evidence or making any factual findings. The Department concedes that the court's failure to hold an evidentiary hearing was an abuse of discretion. Accordingly, we reverse that portion of the court's order denying modification of child support. We remand for a hearing on that issue with instructions to the trial court to consider the relevant factors, including those mentioned herein.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is affirmed in part, reversed in part, and remanded.

Affirmed in part and reversed in part; cause remanded.

SLATER, P.J., and BRESLIN, J., concur.