McLAUGHLIN v McLAUGHLIN

Docket No. 235959. Submitted December 10, 2002, at Detroit. Decided
    February 21, 2003, at 9:15 A.M.

Anjanette McLaughlin was granted a judgment of divorce from Kevin
    Brian McLaughlin in the Wayne Circuit Court. The defendant there-
    after filed a motion in the Wayne Circuit Court seeking termination
    of his child-support obligation during time he served in prison for a
    third-degree criminal sexual conduct conviction. The trial court,
    William Lucas, J., held that the defendant was not entitled to the
    discharge of the support arrearage that accrued while he was in
    prison, because the defendant committed criminal sexual conduct
    with his own child. The defendant appealed.

    The Court of Appeals held:

    The retroactive modification of a child-support order is prohib-
    ited under MCL 552.603(2). Consequently, defendant's child-support
    order is not subject to retroactive modification for the time that he
    was incarcerated. The order of the trial court must be affirmed.

    Affirmed.

DIVORCE — CHILD SUPPORT — RETROACTIVE MODIFICATION.

    The retroactive modification of a child-support order is generally pro-
    hibited by statute. MCL 552.603(2).

Anjanette McLaughlin in propria persona.

*Daniel J. Kramer, PLC* (by *David J. Kramer*), for
the defendant.

Before: FITZGERALD, P.J., and WILDER and COOPER, JJ.

COOPER, J. Defendant appeals by leave granted from
a July 31, 2001, order denying his motion to terminate
his child-support obligation during his period of incar-
ceration. We affirm.

Plaintiff and defendant were divorced on August
21, 1987. Plaintiff was awarded custody of the two

minor children and defendant was ordered to pay plaintiff $40 a week for the support and maintenance of each minor child until age eighteen or graduation from high school. Defendant was further ordered to pay $10 a week for child-support arrearages under the ex parte order of child-support entered prior to the parties' divorce.

On May 14, 1990, defendant was incarcerated for a term of six months to five years for bank robbery. He was released on October 10, 1990, but received another sentence of eight to fifteen years for third-degree criminal sexual conduct that he began to serve on March 11, 1991. Defendant was paroled on July 22, 1999, but returned to prison as a parole violator on July 6, 2000.

As of February 23, 2001, defendant owed $78,410.78 in child-support arrearage. Defendant requested an incarceration credit to his arrearage for the time he served in prison for the third-degree criminal sexual conduct conviction. The trial court in accepting the friend of the court recommendation, found that case law holding that a noncustodial parent's support arrearage which accrued while the parent was imprisoned should be discharged was inapplicable. *Pierce v Pierce*, 162 Mich App 367; 412 NW2d 291 (1987). The trial court reasoned that *Pierce*, did not control in this case because "the defendant committed criminal sexual conduct with his own child, and—or at least one of them . . . ."

We find it unnecessary to address these arguments on appeal because retroactive modification of child-support is prohibited by statute. Pursuant to MCL 552.603(2):

> Except as otherwise provided in this section, *a support order that is part of a judgment or is an order in a domestic relations matter . . . is a judgment on and after the date each support payment is due, with the full force, effect, and attributes of a judgment of this state, and is not, on and after the date it is due, subject to retroactive modification.* Retroactive modification of a support payment due under a support order is permissible with respect to a period during which there is pending a petition for modification, but only from the date that notice of the petition was given to the payer or recipient of support. [Emphasis added.]

Consequently, defendant's child-support order is not subject to retroactive modification for the time that he was incarcerated. See *Howe v Detroit Free Press, Inc*, 219 Mich App 150, 158; 555 NW2d 738 (1996).

Affirmed.