Patrick Otis CLEMANS, Appellant,

v.

Sheridan Eileen COLLINS, Appellee.

No. 7893.

Supreme Court of Alaska.

March 23, 1984.

Maryann E. Foley, Lynch, Farney & Crosby, Anchorage, for appellant.

Walter Stillner, Asst. Atty. Gen:, Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

The question presented in this case is whether the trial court erred in refusing to suspend the $1,000 per month child support obligation of the appellant during the six year period appellant is to serve in prison. Appellant's motion for that relief was denied with the notation by the trial court that "the defendant can use his property and other assets to satisfy his child support obligation." The record indicates that appellant has a $31,000 pension fund but does not establish whether this fund is currently available as a source of child support payments. No other significant assets of the appellant are shown to exist.

 We agree with the following principles:

> Imprisonment and resulting indigency constitute a significant change of circumstances such as to permit a court to modify a support obligation.

*Edmonds v. Edmonds,* 53 Or.App. 539, 633 P.2d 4, 5 (1981).

> Where a non-custodial parent is imprisoned for a crime other than nonsupport (or for civil contempt for failure to pay the same) we believe that the better rule should be that the parent is not liable for such payments while incarcerated unless it is affirmatively shown that he or she

has income or assets to make such payments.

*Id.*

██ As noted above, whether appellant has assets from which child support payments can be made is not established in the record before us. We therefore vacate the order denying the motion to modify and remand this case to the superior court with instructions to hold a hearing to determine whether appellant has assets or income which will enable him to meet his current child support obligation, either in whole or in part. Either party should be permitted to submit supplementary evidence. Following the hearing the superior court should make formal findings, *Headlough v. Headlough,* 639 P.2d 1010, 1014 (Alaska 1982), and in accordance therewith should either grant or deny the motion to modify. We do not retain jurisdiction of this appeal.

VACATED and REMANDED.