Kenney D. SMITH, Appellant,

v.

STATE of Alaska, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT DIVISION, Appellee.

Denney C. BYNUM, Appellant,

v.

STATE of Alaska, DEPARTMENT OF CORRECTIONS and Child Support Enforcement Division of the Department of Revenue, Appellees.

Nos. S–3162, S–3411.

Supreme Court of Alaska.

April 20, 1990.

Kenney D. Smith, Palmer, pro se.

Denney C. Bynum, Palmer, pro se.

Joseph M. Cooper, Asst. Atty. Gen., Anchorage, Douglas B. Baily, Atty. Gen., Juneau, for appellees.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

OPINION

PER CURIAM.

In this consolidated appeal, Kenney D. Smith and Denney C. Bynum challenge child support awards entered against them by the Child Support Enforcement Division (CSED). Smith and Bynum are both prison inmates in the custody of the State of Alaska, Department of Corrections. Both advance similar grounds to challenge superior court rulings which affirmed CSED's child support awards. We reject their arguments for the following reasons.

### 1. *Smith received a fair hearing.*

■ Under AS 47.23.170, Smith was "entitled to a hearing" when he appealed CSED's child support award to the Department of Revenue. Smith claims that he was denied this right because the Hearing Examiner resolved his claim by motion for a summary judgment. We reject this argument because there were no material facts in dispute, and the hearing on the motion for summary judgment afforded Smith a fair opportunity to contest legal issues raised by his appeal. A statutory right to a hearing does not require development of facts through an evidentiary hearing in the absence of a factual dispute. K. Davis, *1982 Supplement to Administrative Law Treatise,* § 12.10 at 227; *Estate of Miner v. Commercial Fisheries Entry Commission,* 635 P.2d 827, 834 (Alaska 1981) (no administrative hearing is required when "there would be no substantial and material issue which could be resolved at a hearing").

### 2. *Smith's and Bynum's earnings from participation in prison work programs are not insulated from payment of child support.*[1]

■ Smith and Bynum are employed in programs established under AS 33.30.191, and are paid for their work pursuant to AS 33.30.201. Smith claims that it was improper for CSED to consider these earnings in establishing his child support obligation. Similarly, Bynum claims that it was improper for CSED to attach earnings which had been credited to his prisoner account.

Under AS 33.30.201, prisoners "may" be compensated for their work "at a rate determined by the commissioner under AS 33.32.050 if the money is available from legislative appropriations." AS 33.30.201 further states that "AS 33.32.050 ... appl[ies] to prisoners employed in the correctional industries program[2] and to prisoners productively employed in activities outside that program."

AS 33.32.050 provides the commissioner of corrections with a method for calculating and disbursing prisoner earnings. Under subsection (c), "support of the prisoner's dependents" is given the highest disbursement priority. Subsection (a) requires that money left over after this and other subsection (c) disbursements be credited to the prisoner. Under subsection (d), "[m]oney credited to a prisoner must be retained by the commissioner of corrections for the primary purpose of being available to the prisoner at the time of release."

Under AS 33.32.060,[3] only money credited to a prisoner under AS 33.32.050(d) is subject to attachment. Smith and Bynum take the position that this anti-attachment statute insulates their earnings from payment of child support. We disagree.

We first point out that the provisions of AS 33.30.201 and AS 33.32.050 do not give prisoners a proprietary stake in their earnings until funds are actually credited to their accounts. As indicated, AS 33.30.201 merely states that prisoners "may" be compensated for their work, "if the money is available from legislative appropriations." If prisoners are to be compensated, money is not credited to them until after certain disbursements, child support being the highest priority disbursement. AS 33.32.-050(a) and (c). Therefore, to the extent that Smith and Bynum object to a disbursement decision by the commissioner, they do not have standing to complain. *See Trust-*

---

1. Our disposition of this issue makes it unnecessary to reach Smith's arguments that he has no resources from which he can make child support payments, and that to the extent that 15 AAC 147.010(c) would nevertheless require imposition of a $40 per month minimum obligation, the regulation exceeds its statutory authority under AS 47.23.140.

2. The correctional industries program is provided for by AS 33.32.

3. It is not clear whether AS 33.32.060 applies to prison work programs outside of the correctional industries program of AS 33.32. As indicated, Smith and Bynum are employed in programs established under AS 33.30. Of the statutes governing the correctional industries program, only AS 33.32.040(b) and AS 33.32.050 are expressly made applicable to AS 33.30 programs. *See* AS 33.30.201. However, as will be seen, even assuming the applicability of AS 33.-32.060 to AS 33.30 earnings, Smith and Bynum cannot prevail.

*ees for Alaska v. State, Dep't of Natural Resources,* 736 P.2d 324, 327 (Alaska 1987) (to have standing, plaintiff must have an interest adversely affected).

Second, to the extent that Smith's and Bynum's child support obligations are satisfied by resort to monies credited to them, AS 33.32.060, by allowing attachment of funds retained under AS 33.32.050(d), expressly permits attachment. Smith argues that his earnings "are not retained under [AS 33.32.050(d) ]." This argument is without merit. "Money credited to a prisoner *must* be retained by the commissioner" pursuant to AS 33.32.050(d). (Emphasis added.)

3. *Use of Smith's and Bynum's prison work earnings for child support payments does not deny them of their constitutional right of access to a rehabilitation program.*

 Under article I, section 12 of the Alaska Constitution, inmates incarcerated in Alaska have a right of access to rehabilitation programs. *Abraham v. State,* 585 P.2d 526, 530–33 (Alaska 1978). Smith and Bynum claim that compelled use of their prison work earnings for child support violates this right by creating a disincentive for participation in work programs. We disagree.

Smith earns approximately $100 per month in the prison work program. His child support obligation is $40 per month, the majority of which can be covered by his permanent fund dividend check.

Similarly, Bynum earns approximately $124 per month. Under both federal and state law, the most CSED can garnish is 65 percent of these earnings. *See* AS 47.23.-250(i) (incorporating the earnings exception of 15 U.S.C. § 1673(b)). Bynum's child support obligation can also be partly satisfied with his permanent fund dividend.

Since both parties have an excess of funds from which to make child support payments, they both still have an incentive to work. Even absent this excess, the rehabilitative benefits associated with taking some responsibility for the support of their children justifies imposition of child support obligations.

4. *CSED's attachment of Bynum's prisoner account did not violate Bynum's due process rights.*

 Once credited to his account, Bynum obtained a proprietary interest in his prison work earnings. *See Gillihan v. Shillinger,* 872 F.2d 935, 938–39 (10th Cir. 1989). However, attachment of these funds did not amount to a denial of due process because Bynum received adequate notice of execution and an opportunity to stay execution pending a hearing.

Bynum admits that "[o]n or about 3 March 1987 [he] was served with a finding of financial responsibility in accordance with AS 47.23.150." Alaska Statute 47.23.-150(a) requires notice by certified mail to the last known address of the obligor. This notice must "state the amount of the obligor's liability ... and that [his] property ... is subject to execution in that amount in accordance with the procedures prescribed in AS 47.23.230–47.23.270 at the expiration of 30 days from the date of service of the notice." AS 47.23.150(b).

Thirty days from the service of this notice had long since expired when, on November 4, 1988, CSED attached Bynum's account pursuant to AS 47.23.250. During the 30–day expiration period, AS 47.23.170 provided Bynum with an opportunity to request a hearing before the Department of Revenue to contest the finding of financial responsibility. A request for a hearing would have stayed execution under AS 47.-23.250 pending the decision on the hearing, or the decision of a court, if appealed. AS 47.23.170(b). Bynum apparently made no such request, thereby relinquishing his right to a hearing. Bynum's own inaction does not change the fact that his predeprivation right to notice and an opportunity to be heard were complied with.

AFFIRMED.