**Sidney R. HERTZ, Appellant,**

v.

**Anesia HERTZ, Appellee.**

No. S–4781.

Supreme Court of Alaska.

Feb. 19, 1993.

Certiorari Denied June 1, 1993.

See 113 S.Ct. 2453.

Sidney R. Hertz, in pro. per.

Terri Spigelmyer, Asst. Atty. Gen., Bethel, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

PER CURIAM.

Sidney Hertz, pro se, appeals the trial court's decision to deny his motion to rescind or suspend his child support arrearage. Hertz further requests this court to hold the trial court erred because 1) it never adjudicated his Complaint for Declaratory Judgment and Injunctive Relief from Breach of Contract; 2) it failed to hold the Child Support Enforcement Division in contempt of Judge Richard D. Savell's Amended Order of November 21, 1990; 3) its rulings on his motions were late. We affirm and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In June 1983, Hertz was divorced and a child support obligation of $200 per month was imposed upon him. The payments were to be made to the Child Support Enforcement Division (CSED). Hertz was awarded "reasonable rights of visitation" with his daughter. In October Hertz was jailed. He later was convicted of murder in the second degree and sentenced to 40 years imprisonment, with parole eligibility in 20 years.

CSED attempted to enforce the child support order. Hertz filed a Motion to Suspend Child Support Obligation, which was denied. Hertz appealed. Hertz and CSED then stipulated to a dismissal of the appeal "for the reason that the State has agreed not to pursue any enforcement action against [Hertz] for any amounts of child support due during the period of time in which [Hertz] remains indigent, without assets, and incarcerated under the present incarceration which began in October 1983."

In September 1988, Hertz received a letter from CSED stating that while the stipulation suspended any enforcement action, Hertz's child support obligation would continue to accrue at a rate of $200 per month while he was incarcerated. Hertz filed a Motion for Clarification of Child Support Agreement, which the trial court deemed a Motion to Modify the Child Support Decree.

In time, the trial court ordered that Hertz was relieved of his child support obligation from the date the stipulation was entered until August 1, 1987, the effective date of Civil Rule 90.3. Civil Rule 90.3(c)(1)(B) imposes a minimum child support obligation of $40 per month, regardless of indigency or incarceration. Pursuant to Civil Rule 90.3, Hertz was ordered to pay $40 per month in child support from August 1, 1987 until his release from prison.

Hertz appealed. We held that the terms of the stipulation relieved Hertz of his child support obligation from the date of his incarceration until August 1, 1987. Following *Cox v. Cox*, 776 P.2d 1045 (Alaska 1989), we affirmed the application of Civil Rule 90.3 to Hertz. We rejected Hertz's argument that its application to him violated constitutional prohibitions against *ex*

*post facto* laws. On November 21, 1990, the trial court amended its order in accordance with our opinion.

Hertz next filed a Complaint for Declaratory Judgment and Injunctive Relief from Breach of Contract. Hertz later filed a motion for summary judgment. His "complaint," as well as all other documents filed to date, bear the same docket number as his prior divorce proceeding. He asked the trial court to "order CSED to absorb all child support obligations from August 1st, 1987 until 90 days after Hertz's release from prison on the present offense or as an alternative, suspend all child support obligation...."

CSED then sent the Department of Corrections an Order to Withhold and Deliver Property belonging to Hertz. The property and money collected was to be used to pay off child support arrearages which had accumulated. Hertz protested the order in several documents filed with the court. CSED received $56.28 as a result of the order.

In a Supplement to Complaint for Declaratory Judgment and Injunctive Relief from Breach of Contract, Hertz requested that the court note that "CSED is also in contempt of [the trial] Court's order # 1 of November 23rd, 1990 [sic] since CSED has failed and/or refused to remove the alleged arrearages of child support from October, 1983 to March, 1985...." Hertz repeated this request in several documents and in two letters to the Clerk of Court.

Hertz also filed a Motion to Rescind or Suspend Any Alleged Child Support Obligation Arrearage. He requested the court to suspend all arrearages, since CSED had allegedly concealed the location of his children since 1987. CSED filed an opposition.

Judge Dale O. Curda denied Hertz's Motion to Rescind or Suspend Any Alleged

Child Support Obligation Arrearage. Hertz appeals. In addition to appealing that decision, Hertz appeals the court's failure to adjudicate his Complaint for Declaratory Judgment and Injunctive Relief from Breach of Contract, and its failure to rule that CSED was in contempt of the amended order of November 21, 1990.

After the appeal was filed, Hertz filed a Motion for Preliminary and/or Permanent Injunction, which was denied. He has supplemented this appeal with a claim that the trial court failed to rule on his motions in a timely manner.

## II. DISCUSSION

### A. Complaint for Declaratory Judgment and Injunctive Relief from Breach of Contract

We dismiss several issues on appeal since they were never adjudicated by the trial court, leaving this court without jurisdiction. "An appeal may be taken to the supreme court from a final judgment entered by the superior court...." Alaska R.App.P. 202(a).

■ This court has no jurisdiction over the appeal addressed to Hertz's Complaint for Declaratory Judgment and Injunctive Relief from Breach of Contract. The trial court never adjudicated Hertz's complaint or motion for summary judgment. Therefore, there is no final judgment from which an appeal may be taken.

### B. Order to Withhold and Deliver

Hertz also argues that CSED is illegally using an "order to withhold and deliver property." CSED issued the order pursuant to AS 25.27.250.[1] The order stated that Hertz "was served a Notice of Liability in accordance with AS 25.27.150 on or before September 26, 1984."[2] Hertz contends

---

**1.** AS 25.27.250(a) provides:

At the expiration of 30 days from the date of service of notice under AS 25.27.150, ... the agency may issue to any person, political subdivision, or department of the state an order to withhold and deliver property.

**2.** AS 25.27.150 provides:

(a) Action to enforce a support order administratively under [AS 25.27.250] is initiated by the agency serving a notice on the obligor of the obligor's liability under the support order....

(b) Notice served under (a) of this section must state the amount of the obligor's liability under the support order and that the property of the obligor is subject to execution in that

that the required notice was *"never served,"* since an appeal was pending. Further, the 1985 stipulation nullified the notice. The notice is not in the record.

■ To obtain judicial review of CSED's order, Hertz was required to file "a notice of appeal in accordance with the applicable rules of court governing appeals in civil matters." AS 44.62.560; Alaska R.App.P. 602. Hertz has not done so. The superior court, sitting as an intermediate appellate court, has no appeal before *it* on which to rule. As there is no final judgment, this court lacks jurisdiction.[3]

### C. Contempt of Amended Order of November 21, 1990

■ Hertz requested the court to note that CSED was in contempt, because it failed to remove the arrearages as ordered by Judge Savell on November 21, 1990. Hertz should have filed a motion for an order to show cause pursuant to Alaska R.Civ.P. 77. There is no final judgment from which Hertz may appeal this issue. This court lacks jurisdiction.[4]

### D. Failure to Rescind and/or Suspend Alleged Child Support Obligation

■ Hertz claims that his child support obligation should be rescinded because his ex-wife and CSED, "under its Agency's arbitrary and obnoxious rules and regulations are 'concealing the location of Hertz's children.'" Judge Curda denied Hertz's motion.

Federal regulations specifically limit the disclosure of information regarding recipients of support enforcement services. 45 C.F.R. 303.21.[5] Alaska Statute 47.05.030 makes the disclosure of information regarding welfare recipients unlawful.[6]

Under AS 25.27.275, CSED "shall release information concerning the location of children to whom a duty of support is owed if the obligor has paid all support payments that are due and there is a visitation ... order in effect." Since Hertz is in arrears, CSED has no apparent obligation to provide Hertz with information concerning the whereabouts of his children. Hertz has given no reason why the condition on releasing information should not apply to him. The trial court's ruling is affirmed.

### E. Removal of Judge Curda

■ Hertz requests this court to reassign this case to Judge Savell, because Judge Curda either failed to rule or did not timely rule on Hertz's motions. Hertz has never moved to disqualify Judge Curda. Since there is no order denying disqualification to appeal, this court lacks jurisdiction.

■ Hertz further claims that Judge Curda's failure to rule timely is a violation of AS 22.10.190(b) and Alaska Administrative Rule 3(e). Hertz filed a "complaint" on November 29, 1990, as well as several supplements. He filed a Motion for Summary Judgment on January 16, 1991, and a supplement on February 12. The record does not show a ruling on the summary judgment motion or the "complaint."

---

amount in accordance with the procedures prescribed in [AS 25.27.250]....

3. On remand the trial court may treat Hertz's protestations as a notice of appeal of CSED's order.

4. On remand the trial court may treat Hertz's requests as a motion for an order to show cause.

5. 45 C.F.R. 303.21(a) states:
Under State statute which imposes legal sanctions, the use or disclosure of information concerning applicants or recipients of support enforcement services is limited to purposes directly connected with:
(1) The administration of the plan or program ...

(2) Any investigations, prosecution or ... proceeding conducted in connection with the administration of any such plan or program; and
(3) The administration of any other Federal ... program which provides assistance....

6. AS 47.05.030 states:
Except for purposes directly connected with the administration of general assistance, ... and in accordance with the regulations of the department, a person may not solicit, disclose, receive, make use of, or authorize, ... the use of, a list of or names of, or information concerning, persons applying for or receiving the assistance....

Alaska Statute 22.10.190(b) provides that "[a] salary warrant may not be issued to a superior court judge until the judge has filed ... an affidavit that no matter has been uncompleted or undecided by the judge for a period of more than six months." Administrative Rule 3(e) requires judges having a motion under advisement more than ten days from the date submitted to explain in writing to the presiding judge the reasons for the delay and the date on or before which the motion will be decided. Since neither the statute nor the rule is directly enforceable by private citizens, Hertz has no judicial remedy for Judge Curda's failure to rule timely.

The decision of the superior court is AFFIRMED and REMANDED for further proceedings consistent with this opinion.