Pauline DOUGLAS, Appellant,

v.

STATE OF ALASKA, DEPARTMENT
OF REVENUE, Appellee.

No. S–5360.

Supreme Court of Alaska.

Aug. 5, 1994.

Rehearing Denied Sept. 9, 1994.

James A. Gasper and Mark P. Melchert, Jermain, Dunnagan & Owens, P.C., Anchorage, for appellant.

Linda L. Kesterson, Asst. Atty. Gen., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ., and BRYNER, Justice, Pro Tem.*

*OPINION*

MOORE, Chief Justice.

At issue in this appeal is whether, pursuant to a Department of Revenue (DOR) regulation adopting Alaska Civil Rule 90.3 as DOR's child support guidelines, DOR may assess a $50 monthly child support obligation against an incarcerated parent who has no assets and earns less than $50 per month. The superior court ruled that Pauline Douglas should be assessed ongoing child support of $50 per month while she is incarcerated, and that Douglas owes an accrued debt of $600 for public assistance paid to support her minor children during the year preceding the initiation of this· action. We affirm.

I.

The facts of this case are not in dispute. For all times relevant to this appeal, Douglas has been incarcerated in California for a crime unrelated to the nonpayment of child support. Douglas' seven children are living with Douglas' sister, who receives public assistance in the form of Aid to Families with Dependent Children (AFDC) for the care of one or more of the children.[1]

In July 1991 the Department of Revenue's Child Support Enforcement Division (CSED) informed Douglas of its informal conference decision (1) to impose on her a monthly child support obligation of $50, and (2) to assess her $600 for the twelve month period, August 1990 through July 1991, for public assistance paid to support Douglas' children. CSED arrived at the $50 monthly support figure under its interpretation of Rule 90.3, which DOR has adopted as its child support guidelines. 15 Alaska Administrative Code (AAC) 125.010 (1994).

Douglas appealed CSED's decision to DOR. For the purposes of the appeal, DOR accepted Douglas' assertion that she had no assets and an income of less than $50 per month. DOR granted CSED's motion for summary adjudication of the case. The superior court affirmed. Douglas appeals to this court.

II.

█ The issues in this appeal present questions of law which do not require agency expertise. Therefore, we will apply the substitution of judgment standard of review. *Tesoro Alaska Petroleum Co. v. Kenai Pipe Line Co.,* 746 P.2d 896, 903–04 (Alaska 1987).

A. *Douglas is subject to the minimum support obligation under Civil Rule 90.3.*

█ It is well established in this state that parents have a duty to support their children, even in the absence of a court order to do so. *Matthews v. Matthews,* 739 P.2d 1298, 1299 (Alaska 1987); AS 25.20.030. Accordingly, even while she is incarcerated, Douglas has a common law and statutory duty to support her children regardless of whether a court order exists. As we stated in *Matthews,* "[a] parent's duty of support encompasses a duty to reimburse other persons who provide the support the parent owes." 739 P.2d at 1299. A claim for reimbursement thus "belongs to

---

* Sitting by assignment made pursuant to article IV, section ·16 of the Alaska Constitution.

1. The administrative support order underlying this case addresses support for only one child. However, it appears from the record that Douglas' sister has received public assistance for all

seven of Douglas' children. This fact does not affect the legal issues before this court, since the minimum support provision of Rule 90.3 applies for all children of a non-custodial parent, not for each child separately. *See* Civil Rule 90.3 cmt. VI.C.

whomever supported the children, and is simply an action on a debt." *Id.*

■ Alaska Statute 25.27.120 codifies Douglas' liability to the state for public assistance provided for her minor children. That statute provides in part:

> Obligor liable for public assistance furnished obligee. (a) An obligor is liable to the state in the amount of assistance granted under [the Aid to Families with Dependent Children Act] to a child to whom the obligor owes a duty of support except that if a support order has been entered, the liability of the obligor may not exceed the amount of support provided for in the support order.

AS 25.27.120(a).

Pursuant to her duty to support her children, Douglas is an "obligor" parent. AS 25.27.900(6) ("obligor" means a person owing a duty of child support). Moreover, as no support order existed at the time CSED initiated the proceedings in this case, Douglas' liability to the state was for the entire amount of public assistance paid on her children's behalf.

■ To facilitate the process of pursuing the state's right of reimbursement, DOR has adopted Civil Rule 90.3 as its child support guidelines. 15 AAC 125.010. Pursuant to Rule 90.3(c)(1)(B), CSED determined that Douglas owes the minimum monthly child support obligation of $50, regardless of her incarceration and lack of income. Rule 90.-3(c)(1)(B) provides that "a parent who would be required to pay child support ... must be ordered to pay a minimum child support amount of no less than $50.00 per month." The Commentary to Rule 90.3 adds: "Even if the obligor has an income of less than the poverty level, or no income at all, a minimum support of $50.00 per month applies. This $50.00 minimum support applies for all chil-dren, not to each child separately." Civil Rule 90.3 cmt. VI.C.[2]

Douglas argues that Rule 90.3 should not be applied in her situation. Douglas' claim is essentially that Rule 90.3 does not apply outside of the divorce context or other situations in which parents have "voluntarily" separated from their children. She contends that, by the rule's own terms, it does not pertain to situations in which parents are "involuntarily" separated from their children, such as in cases of incarceration. Douglas also argues that application of Rule 90.3 in her case would not serve the rule's primary purpose of meeting the needs of children.

We find these arguments unpersuasive, and we conclude that Rule 90.3 was properly applied to Douglas' circumstances. The crucial fact overlooked by Douglas' argument is that DOR adopted Rule 90.3 to apply to situations in which it seeks reimbursement from parents who owe a duty of child support. The present case is such a situation. Thus, the question is not whether Rule 90.3 independently applies to Douglas' circumstances, but whether it may be applied in the context of a DOR child support adjudication. There is no dispute that DOR had the authority to adopt the rule as its support guidelines. Douglas conceded this point at oral argument. DOR adopted Rule 90.3 to further its specific purposes, and the rule therefore may be applied to all cases under its jurisdiction involving child support. As a result, the rule was properly applied in this case.[3]

Explicit in Rule 90.3 is language indicating that, with very limited exceptions, every noncustodial obligor parent is subject to a minimum support obligation of $50 per month. Civil Rule 90.3(c)(1). The rule expressly states that a parent's indigence does not excuse this minimum obligation. *Id.; see*

---

**2.** The Commentary to Rule 90.3 has not been adopted or approved by this court. *See* Civil Rule 90.3 cmt. I.A. However, it may provide useful evidence of the purposes and considerations underlying the provisions of the rule.

**3.** Moreover, the Commentary to Rule 90.3 clarifies that the rule "applies to all proceedings involving child support." Civil Rule 90.3 cmt. I.C. The present action is a "proceeding involv-ing child support," which brings it under the purview of the rule. *See Hertz v. Hertz,* 847 P.2d 71, 72 (Alaska), *cert. denied,* — U.S. ——, 113 S.Ct. 2453, 124 L.Ed.2d 669 (1993) (minimum support provision of Civil Rule 90.3 applied to incarcerated parent); *Cox v. Cox,* 776 P.2d 1045, 1047 (Alaska 1989) (Rule 90.3 was designed to apply to all awards of child support).

*also* Civil Rule 90.3 cmt. VI.C. This language derives from the policy decision that all parents should be held accountable for at least a minimal contribution to their children's care. *Cf. State, Child Support Enforcement Div. v. Gammons,* 774 P.2d 181, 184 (Alaska 1989) ("[T]he fundamental public policy of this state is that parents should bear the primary and continuing obligation to support their children.").

■ Douglas nonetheless argues that her incarceration should constitute an exception to Rule 90.3 because, unlike most other indigent parents, she has no real capability of obtaining employment to pay her support obligation while she is in prison. Moreover, because Douglas is incarcerated in California, she does not receive a permanent fund dividend from which she could pay child support. Nor is she personally eligible for any public assistance payments at the present time from which she could satisfy her support obligation. Douglas therefore urges us to interpret Rule 90.3 in a manner consistent with the outcome in *Clemans v. Collins,* 679 P.2d 1041 (Alaska 1984). In *Clemans,* this court stated that a " 'parent is not liable for [support] payments while incarcerated unless it is affirmatively shown that he or she has income or assets to make such payments.' " *Id.* at 1041–42 (citation omitted).

We reject this argument as contrary to the express language and purpose of Civil Rule 90.3, which superseded *Clemans* as of August 1, 1987. Thus, the relevant question is not whether Douglas has prospective sources of income from which to pay support, but whether there is any basis in Rule 90.3 for treating indigent incarcerated parents differently from other indigent parents who are also subject to the rule. We conclude that there is not. Accordingly, both Rule 90.3 and its minimum monthly support provision were properly applied to establish Douglas' child support obligation.

■ We recognize that Douglas' incarceration may limit her present ability to meet her ongoing support obligation. However, we see no basis in Rule 90.3 for concluding that her incarceration should excuse that obligation, just as it will not excuse any other debt Douglas owes. Rather, as is true for any other indigent parent who owes a duty of child support, the debt will continue to accrue. As a practical matter, the state's ability to collect on that debt may be impaired at the present time. However, this fact does not justify excusing the basic obligation, which Douglas may be able to satisfy upon her release from prison and reentry into the work force, or upon any improvement in her financial circumstances. *See Ohler v. Ohler,* 220 Neb. 272, 369 N.W.2d 615, 618 (1985) ("There is no reason those who have had to step in and assume the applicant's [child support] obligation should not be reimbursed by the applicant should his future position enable him to do so.").

■ Moreover, despite Douglas' arguments, we note that Douglas substantially benefits from the application of Rule 90.3 to her circumstances. As discussed above, Douglas' liability to the state was for the full amount of public assistance paid to support her minor children. AS 25.27.120. As a result of DOR's adoption of Rule 90.3 and the court's entry of a support order fixing Douglas' obligation at $50 per month, Douglas' liability to the state is drastically reduced. Pursuant to AS 25.27.120, the court's ordered support constitutes a ceiling on Douglas' liability, and DOR cannot pursue her for any more than the ordered amount.

For the foregoing reasons, we conclude that Civil Rule 90.3 was properly applied to assess Douglas' ongoing child support obligation, which will continue to accrue regardless of Douglas' incarceration and presumed lack of financial resources.

### B. *DOR did not deny Douglas procedural due process.*

■ Douglas claims that DOR violated her due process rights when it assessed the $50 monthly support obligation against her without holding an evidentiary hearing so that she could establish her inability to pay. To support this claim, Douglas again relies on *Clemans,* 679 P.2d 1041. As noted previously, *Clemans* was superseded by Rule 90.3 and its mandatory minimum support provision.

Since we affirm DOR's conclusion that the minimum support obligation will exist regardless of Douglas' present inability to pay, there were no factual issues to resolve in an evidentiary hearing. DOR assumed Douglas had no assets and income less than $50 per month, and it addressed purely legal issues in assessing Douglas' child support obligation. Accordingly, there was no error in refusing Douglas an evidentiary hearing. *See Smith v. State, Dep't of Revenue,* 790 P.2d 1352, 1353 (Alaska 1990) (there is no right to an evidentiary hearing in the absence of a factual dispute).

### III.

DOR's adoption of Civil Rule 90.3 to govern its child support actions was permissible. The rule specifies a mandatory minimum $50 per month obligation regardless of the obligor's financial circumstances, and it applies to Douglas like any other obligor parent. Further, there were no factual issues to resolve in an evidentiary hearing. Therefore, DOR did not violate Douglas' due process rights by failing to hold a hearing.

AFFIRMED.