2025 IL App (2d) 240392-U
No. 2-24-0392
Order filed August 14, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF CRAIG C. PACE, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Petitioner-Appellee, | ) ) | |
| and | ) ) | No. 14-D-2010 |
| CATHERINE F. PACE, | ) ) ) | Honorable Rhonda K. Bruno, |
| Respondent-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE KENNEDY delivered the judgment of the court.
Justices Schostok and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The trial court abused its discretion when it failed to conduct an evidentiary hearing on respondent's petition to modify child support; the trial court violated respondent's right to due process when it found her in violation of the court's dissolution judgment without first issuing a rule to show cause and without holding an evidentiary hearing; and the matter of postjudgment interest is moot as we vacated the modified child support judgment. Vacated and remanded.

¶ 2    Catherine F. Pace, *pro se*, appeals from the trial court's February 16, 2024, order awarding Craig C. Pace $1,593.41 for reimbursement of child-related expenses pursuant to count II of Craig's petition for rule to show cause (filed November 13, 2019); its order denying Catherine's motion to reconsider the trial court's November 14, 2019, order finding Craig in contempt for

failing to provide health insurance for the parties' child (filed December 10, 2019); and its order granting Catherine's amended petition to modify child support (filed February 1, 2021, original petition filed May 20, 2019) without first holding an evidentiary hearing. For the following reasons we vacate the trial court's judgment with respect to Catherine's petition to modify child support and count II of Craig's petition for rule to show cause, and remand for further proceedings consistent with this order.

¶ 3                                    I. BACKGROUND

¶ 4     Catherine and Craig were married on July 24, 2010. The parties had one child together, born September 29, 2010. On May 6, 2016, a judgment for dissolution of marriage was entered, which incorporated the parties' marriage settlement agreement.

¶ 5     On May 20, 2019, Catherine, *pro se*, filed a petition to modify child support arguing that a modification of child support was appropriate because Craig was earning over 20% more than he had been at the time child support was last calculated. On February 1, 2021, Catherine, represented by counsel, filed an amended petition for modification of child support.

¶ 6     On September 3, 2019, Catherine filed a petition for rule to show cause which alleged, *inter alia*, that as of October 2018, Craig had failed to provide health insurance for their child, which he was obliged to do under the terms of the dissolution judgment. On October 7, 2019, the trial court entered a rule to show cause against Craig. On November 14, 2019, the trial court entered an order finding Craig in contempt because he "willfully failed to provide health insurance for the minor child of the parties." Craig could purge the contempt by "providing health insurance for the minor child[.]" On December 10, 2019, Catherine moved to reconsider the trial court's November 14, 2019, order, arguing that the trial court erred when it failed to award her the amount of Craig's unpaid premiums as unpaid child support pursuant to section 505.2(d) of the Illinois Marriage and

Dissolution of Marriage Act (750 ILCS 5/505.2(d) (West 2018)).

¶ 7    On November 13, 2019, Craig filed a petition for rule to show cause, count II of which alleged that Catherine had failed to pay her 25% share of child-care expenses in the amount of $2,427.70.

¶ 8    Despite these matters all being initiated in 2019, the trial court failed to conduct a hearing until February 14, 2024. At this point, Catherine was again proceeding *pro se*. The trial court entered its order on February 16, 2024. The order states that the trial court conducted a "summary hearing," and though it indicates that the court reviewed the "pleadings and responses" and "heard argument from both parties," the order makes no mention of the parties presenting evidence.

¶ 9    The trial court granted Catherine's petition to modify child support, finding Craig's gross annual income to be $200,000, imputing an income of $25,000 to Catherine, and awarding child support in the amount of $1,130 per month retroactive to the filing of Catherine's petition. The trial court determined that Craig had overpaid child support in the years 2019, 2020, and 2021, and underpaid child support in the years 2022, and 2023 for a net total arrearage of $2,499.86.

¶ 10   The trial court denied Craig's rule to show cause, but it found that Catherine had nevertheless failed to pay her share of child-related expenses in the amount of $1,593.41. This amount offset the child support arrearage, resulting in a total award of $906.45 in favor of Catherine.

¶ 11   The order also denied Catherine's December 10, 2019, motion to reconsider related to Craig's unpaid premiums, with no further elaboration.

¶ 12   On February 26, 2024, Catherine filed a motion for evidentiary hearing on the modification of child support, arguing that she should have been granted an evidentiary hearing on her petition to modify child support. On April 3, 2024, Craig filed a section 2-619.1 motion to dismiss and a

motion for Rule 137 sanctions. On June 4, 2024, the trial court granted Craig's motion to dismiss. The trial court also clarified that, at the February 14, 2024, hearing, it had ordered Craig to produce his 2023 W2s and 1099s to Catherine. Catherine timely appealed.

¶ 13                                    II. ANALYSIS

¶ 14    Catherine argues that the trial court erred by "issuing a *sua sponte* summary judgment" on her petition for modification of child support and denying her subsequent motion for evidentiary hearing. She also argues that the trial court erred in granting Craig $1,593.41 in child-care expenses, when it denied his petition for rule to show cause. She likewise argues that the trial court erred when it failed to add statutory interest to the child support arrearages.

¶ 15    As an initial matter Craig argues that we lack jurisdiction to consider Catherine's appeal, as her notice of appeal was filed more than 30 days after the entry of the trial court's February 16, 2024, order, and "[n]o posttrial motion was filed by Catherine[.]" This is untrue. Catherine's motion for evidentiary hearing filed February 26, 2024, was clearly a posttrial motion directed at the trial court's February 16, 2024, judgment. Therefore, we have jurisdiction over this appeal according to Illinois Supreme Court Rule 303(a) (eff. July 1, 2017).

¶ 16    Craig also argues that we should dismiss Catherine's appeal because she has failed to present a sufficient record on appeal for us to review the trial court's judgment.

> "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis. Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

As Craig points out, Catherine has failed to include a transcript or bystander's report and there is no agreed upon statement of facts. While this does hamper our review, as we will discuss further, it does not completely preclude review of her appeal. As such, we decline to dismiss her appeal.

¶ 17                          A. Petition to Modify Child Support

¶ 18     Catherine argues that the trial court erred in "issuing a *sua sponte* summary proceeding \*\*\* where the facts contained in the depositions, admissions and affidavits contain genuine issues of material facts." Catherine appears to be under the misconception that the trial court issued summary judgment on her petition to modify child support, however, there is nothing in the record to indicate that either party moved for summary judgment nor that the trial court *sua sponte* issued summary judgment on her petition.

¶ 19     Catherine next argues that she was denied due process when the trial court failed to hold an evidentiary hearing on her petition to modify child support and denied her subsequent motion for evidentiary hearing.

¶ 20     Catherine's brief alleges that on February 14, 2024, when she arrived at the courtroom, Judge Bruno and opposing counsel were already there. As Catherine was setting up, Judge Bruno asked opposing counsel how long she expected the hearing would take, and opposing counsel responded, "about 30 minutes." Catherine asked how that was possible in light of all of the evidence each side had planned to present, and Judge Bruno responded that she had decided it was going to be a summary hearing and no evidence would be presented, as Judge Bruno had to perform several marriages. Catherine maintains that when she attempted to present evidence, she was told that it was not an evidentiary hearing. Catherine further maintains that Craig had not complied with discovery and that Craig's W-2s and 1099s for the year 2023 had not been produced.

¶ 21     Factual allegations contained within an appellate brief that lack adequate support in the

record should be stricken and not considered. *Fox Fire Tavern, LLC v. Pritzker*, 2020 IL App (2d) 200623, ¶ 19. Though many of the particular details of Catherine's claim are concerning, they are unsupported by the record, and therefore cannot be considered. However, there is sufficient support in the record for Catherine's claim that the trial court did not hold an evidentiary hearing on February 14, 2024.

¶ 22    We review the trial court's decision whether to hold an evidentiary hearing on a petition to modify child support for an abuse of discretion. *In re Marriage of Burbridge*, 317 Ill. App. 3d 190, 193 (2000) (trial court abused its discretion in dismissing incarcerated father's petition to modify child support without holding an evidentiary hearing or making factual findings). "In the absence of an agreement between the parties, a hearing by the court, with evidence by all sides being presented and considered, is necessary." *In re Marriage of Staszak*, 223 Ill.App.3d 335, 341 (1991) (finding that the trial court erred in failing to hold an evidentiary hearing on petitioner's post-decree petition to modify child custody and child support).

¶ 23    Here, the preamble to the trial court's findings reads, "the court having reviewed the pleadings and responses, having conducted a summary hearing, having heard argument from both parties, and the [*sic*] being fully advised in the premises***." The trial court's order indicates that it considered the pleadings, responses, and arguments, but does not indicate that it considered evidence. Further, the trial court's order uses the term "summary hearing" rather than "evidentiary hearing" to describe the February 14, 2024, hearing.

¶ 24    While the Illinois Marriage and Dissolution of Marriage Act provides that matters of temporary support may be resolved via a summary hearing (750 ILCS 5/501 (West 2024) ("Issues concerning temporary maintenance or temporary support of a child entitled to support shall be dealt with on a summary basis based on allocated parenting time, financial affidavits, tax returns,

pay stubs, banking statements, and other relevant documentation, except an evidentiary hearing may be held upon a showing of good cause.")), the Act does not contemplate such procedures regarding permanent support orders (*cf.*, *id.* §§ 505, 510).

¶ 25    The latest pleading or response was Catherine's reply to Craig's response to her amended petition to modify child support, which was filed on March 9, 2021. In our review of the pleadings and accompanying exhibits, we find very little from which the court could have derived Craig's income. The record demonstrates that, from the filing of Catherine's original petition to modify child support up to the February 14, 2024, hearing, the parties had actively engaged in discovery, but defendant had not yet produced his 2023 W-2s or 1099s.

¶ 26    In light of the fact that there were several contested issues of fact relating to the modification of child support, including Craig's income for the years 2019 to 2023 and the amount of income imputed to Catherine, and that the parties had been engaged in discovery for a period of nearly five years, we find that the trial court abused its discretion when it failed to conduct a full evidentiary hearing.

¶ 27    Further, the trial court's February 16, 2024, order imputed an income to Catherine of $25,000, which her amended petition contested she was unable to earn. Absent an agreement of the parties, the trial court may not impute an income to a party without conducting an evidentiary hearing.  750 ILCS 5/505(3.2b) (West 2024) ("The court may impute income to a party only upon conducting an evidentiary hearing or by agreement of the parties. Imputation of income shall be accompanied by specific written findings identifying the basis or bases for imputation using these factors.").

¶ 28    For these reasons, the trial court abused its discretion when it conducted a summary hearing, rather than an evidentiary hearing, on Catherine's petition to modify child support.

Accordingly, the trial court's February 16, 2024, judgment as to Catherine's amended petition to modify child support is reversed, and we remand for the trial court to conduct a full evidentiary hearing.

¶ 29                     B. Petition for Rule to Show Cause

¶ 30    Catherine next contends that the trial court erred in awarding Craig reimbursement for child-related expenses when it denied count II of his petition for rule to show cause. Craig argues that Catherine has forfeited the issue of contempt on appeal by failing to raise the issue in a postjudgment motion. We agree that Catherine's motion for evidentiary hearing makes no mention of Craig's petition for rule to show cause. However, forfeiture is a limitation on the parties, not the reviewing court, and we may overlook forfeiture when necessary to obtain a just result or maintain a sound body of precedent. *People v. Acosta*, 2024 IL App (2d) 230475, ¶ 15. In the instant case, we agree with Catherine that the trial court erred in awarding Craig reimbursement for child-related expenses.

¶ 31    "Civil contempt, unlike criminal contempt, consists generally of failing to do something ordered by a court, and the result is the loss of a benefit or advantage to the opposing party, with the dignity of the court being only incidentally involved." *In re Marriage of Tatham*, 293 Ill. App. 3d 471, 479 (1997). "Indirect contempt occurs outside the presence of the trial court. [Citation.] Proof of willful disobedience of a court order is essential to any finding of indirect civil contempt." *In re Marriage of McCormick*, 2013 IL App (2d) 120100, ¶ 17.

¶ 32    While the trial court denied count II of Craig's petition for rule to show cause, the trial court's ruling is tantamount to a finding of contempt, in that it imposed a monetary penalty based on a finding that Catherine had violated the dissolution judgment by failing to pay her portion of child-related expenses. Though the trial court denied the petition for rule to show cause because

the amount of the would-be purge was offset by Craig's child support obligations, the court nonetheless effectively granted the petition's requested relief. In doing so, the court committed two errors: (1) it failed to first issue a rule to show cause and (2) failed to hold an evidentiary hearing.

¶ 33 Because indirect contempt is not committed in the actual presence of the court, the judge does not have full personal knowledge of the facts and, as such, due process mandates that certain procedural safeguards be afforded to a person charged with indirect contempt, including an evidentiary hearing with adequate notice of the time and place of such hearing. *Pryweller v. Pryweller*, 218 Ill. App. 3d 619, 629 (1991). "The Contemnor cannot be punished summarily." *Id.*

> "A petition for a rule to show cause is the method for notifying the court that a court order may have been violated, and the petitioner requests a hearing on the issue. The petition for a rule to show cause and the rule to show cause operate together to inform the alleged contemnor of the allegations against her. The rule to show cause is the method by which the court brings the parties before it for a hearing. It also notifies the alleged contemnor of the time and place of the hearing. Thus, the petition for a rule to show cause initiates the contempt proceedings, but it does not establish that a violation of a court order has in fact occurred. The rule to show cause, issued by the court, is not a finding a violation of a court order has occurred, but part of the process of notifying the alleged contemnor of the charges, and time and place of the hearing. At the hearing, the burden is on the petitioner to show a violation of a court order has occurred. Once this showing has been made, the burden shifts to the alleged contemnor to show the violation was not wilful. [*sic.*]" *In re Marriage of LaTour*, 241 Ill. App. 3d 500, 508 (1993).

"When a court fails to issue a rule to show cause and serve it on the alleged contemnor prior to

holding her in indirect civil contempt, the court deprives her of due process because she lacks proper notice of the contempt proceeding." *Milton v. Therra*, 2018 IL App (1st) 171392, ¶ 40. The failure to first issue a rule to show cause before imposing a penalty on Catherine for failing to comply with the terms of the dissolution judgment violated Catherine's right to due process, as did the failure to conduct an evidentiary hearing. *Pryweller*, 218 Ill. App. 3d at 629. Accordingly, we vacate the trial court's February 16, 2024, judgment regarding count II of Craig's petition for rule to show cause, and remand for the entry of a rule to show cause and to conduct an evidentiary hearing.

¶ 34                                    C. Postjudgment Interest

¶ 35    Finally, Catherine argues that the trial court erred when it failed to include statutory interest in the award of retroactive child support. Section 12-109 of the Code of Civil Procedure provides that:

> "The interest on judgments arising by operation of law from child support orders shall be calculated by applying one-twelfth of the current statutory interest rate as provided in Section 2-1303 to the unpaid child support balance as of the end of each calendar month. The unpaid child support balance at the end of the month is the total amount of child support ordered, excluding the child support that was due for that month to the extent that it was not paid in that month and including judgments for retroactive child support, less all payments received and applied as set forth in this subsection." 735 ILCS 5/12-109 (West 2024).

As such, Catherine would be entitled to statutory postjudgment interest on any unpaid retroactive child support award. The trial court is required to include a statement that the award of child support is subject to postjudgment interest in its judgment order. 750 ILCS 5/505(b) (West 2024).

While the February 16, 2024, order does not include such a notice, the subsequent March 8, 2024, uniform support order does.

¶ 36 However, as we are vacating the trial court's order awarding retroactive child support, the issue is moot. Further, there is nothing in the record to indicate whether Craig failed to pay the retroactive child support following the trial court's order.

¶ 37                                III. CONCLUSION

¶ 38 For the reasons stated, we vacate the judgment of the circuit court of Lake County with respect to Catherine's amended petition to modify child support and count II of Craig's petition for rule to show cause and remand for further proceedings.

¶ 39 Vacated and remanded.